People of the State of Illinois, Plaintiff-Appellee, v. Richard Elmore, Defendant-Appellant.

Consolidated With

People of the State of Illinois, Plaintiff-Appellee, v. Shirley Elmore, Defendant-Appellant.

Gen. No. 11,181.

Fourth District.

August 31, 1970.

Thomson, Thomson & Mirza, of Bloomington (James G. Walker and Chester Thomson, of counsel), for appellant.

John G. Satter, Jr., State's Attorney of Livingston County, of Pontiac, for appellee.

CRAVEN, P. J., delivered the opinion of the court.
The defendants, Richard and Shirley Elmore, husband and wife, were convicted in a jury trial of the offense

of attempted theft by deception. The sentence imposed was two years' probation.

The defendants lived in Pontiac, Illinois, and had a home owner's insurance policy which provided coverage for fire loss of unscheduled personal property located within their home in an amount up to $7,000. On October 23, 1967, a fire occurred in the house and a portion of the house and much of the contents were destroyed. In the course of attempted settlement of the loss claimed under the insurance policy, the Elmores completed a list of items of personal property which they claimed to have been destroyed in the fire. So far as is relevant to this appeal, they listed thereon a stereo and claimed its value to have been some $290. Other items of personal property had been allegedly destroyed and were listed on the claim form for an indicated total loss in excess of $11,000.

The evidence is clear that the Elmores, prior to the fire, had made arrangements to sell the stereo set to some neighbors and had permitted the neighbors to take possession of the stereo, and that the stereo was, in fact, not involved in the fire.

It is argued on this appeal that the convictions should be reversed because the conduct of the defendants charged in the indictment and as proved at trial was not a theft nor an attempted theft. It is asserted that, under the terms of the insurance coverage, the insurance company was liable to the Elmores for fire loss of personal property up to $7,000; that the false claim for loss of the stereo could not have resulted in a theft from the insurance company because the Elmores suffered losses in excess of $11,000, irrespective of any claim for the stereo. Thus, the false claim, even if accepted by the insurance company, could not have resulted in theft, and thus that which this record establishes cannot constitute the crime of attempted theft

because it was "inherently impossible" to deceive the company into paying any money for which it was not liable to pay when there exists "uncontested proof of loss" in excess of the policy limits. The defendants rely upon the case of Nemecek v. State, 72 Okla Crim 195, 114 P2d 492, 135 ALR 1149 (1941).

In the Nemecek case, the Oklahoma court held that false items claimed in an inventory presented to the adjuster for an insurance company did not constitute the offense of attempting to obtain money by false pretenses in that the insured's actual loss, without the false items, greatly exceeded the $600 policy limitation. The court observed that the prosecution should have been brought under the statute making it a crime to present a false or fraudulent claim upon an insurance contract. The Nemecek case is discussed in the annotation found at 6 ALR3d, 241. Other cases included in the annotation are more persuasive. In State v. Jaynes, 165 Ore 321, 107 P2d 528 (1940), the court affirmed a conviction of attempting to obtain money by false pretenses where the defendant misrepresented a loss so as to state a claim for over $2,000 and thereby sought to collect the $700 policy limits when the loss was not over $400. The case of Rafferty v. State, 91 Tenn 655, 16 SW 728 (1891), is to like effect.

 Section 8–4(b) of chapter 38, Ill Rev Stats 1967, provides that it shall not be a defense to a charge of attempt that because of a misapprehension of the circumstances it would have been impossible for the accused to commit the offense attempted. The Committee Comments (SHA, c 38, § 8–4(b), p 358), make clear that this provision was intended to codify the general rule that a factual or legal impossibility is no defense to attempt.

 An inherent impossibility is, of course, a defense. In this case, the evidence establishes that the defend-

ants were or could have been under the misapprehension that they could not collect all the insurance money unless they included the stereo set, which they knew had not been destroyed by the fire. This was borne out by the testimony of the neighbor-purchaser, who testified that the defendant Richard Elmore stated that he listed the stereo set because "he didn't think he would collect all the insurance money and could collect some on that, too." Thus, the argument of the defendants that these convictions must be reversed because they could not obtain money from the insurance company, that it was inherently impossible, assumes a conclusion which is not established by the evidence, that is to say, that their total personal property loss was in fact in excess of $11,000.

That which the defendants did here was an act which constituted a substantial step toward the commission of the offense of theft with intent to commit that offense, and the statute does not contemplate that their misapprehension of the circumstances constitutes a defense. The judgments of the Circuit Court of Livingston County are affirmed.

Judgments affirmed.

SMITH and TRAPP, JJ., concur.