(No. 43702.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RICHARD ELMORE *et al.*, Appellants.

*Opinion filed November 30, 1971.*

THOMSON, THOMSON & MIRZA, of Bloomington, (CHESTER THOMSON and JAMES G. WALKER, of counsel,) for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRED G. LEACH, THOMAS J. IMMEL and STEPHEN D. PORTER, Assistant Attorneys General, of counsel,) for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendants, Shirley and Richard Elmore, were convicted in a jury trial of attempted theft by deception. A two-year probation sentence was imposed upon them and they appealed from the judgments entered upon the jury verdicts. The Appellate Court affirmed the judgments *(People v. Elmore, 128 Ill.App.2d 312),* and we allowed the petition for leave to appeal.

A fire had occurred in, but did not destroy, the defendants' home. Certain items of their personal property located therein were damaged or destroyed. They had a home owner's insurance policy which provided coverage for loss by fire of unscheduled personal property up to $7,000. In attempting to settle their claim with the insurance company, they submitted their proof of loss which listed, among other items, a stereo, value $290. The total of all items listed, as valued by the defendants, indicated a loss in excess of $11,000. Evidence admitted during the trial showed that the defendants had sold and delivered the stereo to neighbors for $200 prior to the fire.

On appeal, the defendants contend that they cannot be guilty of an attempted theft in that the act of theft could not be completed. To sustain this contention, they assert that their total personal property loss exceeded $11,000, while the insurance policy limit was $7,000, and, thus, the inclusion of the stereo within their claim was not material.

We are aware of no Illinois cases, and very few from other jurisdictions, which consider this precise question. However, in *People v. Peers, 307 Ill. 539,* an accused had insured his automobile against property damage and thereafter filed a claim for damages sustained in an accident occurring prior to the issuance of the policy by making it appear in his proof of loss that the accident had occurred after the policy had been issued. The court reversed the conviction of the accused upon a statutory charge of attempting to obtain money and property by means and use of the confidence game because of the

absence of the element of confidence in the transaction, and observed at page 544 that if the facts warranted a conviction for any offense, it was for an attempt to obtain money by false pretense, which was also a crime under another provision of the Criminal Code.

The defendants rely primarily upon the case of *Nemecek v. State, 72 Okla. Crim. Rep. 195, 114 P.2d 492.* In *Nemecek,* a case similar to the case at bar, the Oklahoma Criminal Court of Appeals held that items listed falsely in a claim presented to an insurance company did not constitute the offense of attempting to obtain money by false pretenses because the insured's actual loss was in excess of the policy coverage limitation.

In an annotation at 135 A.L.R. 1157, *et seq., Nemecek* and other cases are discussed. *State v. Jaynes, 165 Ore. 321, 107 P.2d 528,* and *Rafferty v. State, 91 Tenn. 655, 16 S.W. 728,* referred to therein, reached a result contra to *Nemecek.*

The pertinent provisions of the Illinois Criminal Code (Ill.Rev.Stat. 1967, ch. 38, pars. 8—4(a) and 8—4(b)), are: "Section 8—4(a): Elements of the Offense. A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense. (b) Impossibility. It shall not be a defense to a charge of attempt that because of a misapprehension of the circumstances it would have been impossible for the accused to commit the offense attempted."

The mere preparation to do something, absent an act constituting a substantial step toward the commission of a specific offense, does not establish the perpetration of the offense. In order to establish the offense of attempt under section 8—4(a) of the Criminal Code, there must be an intent to commit a specific offense and an act which constitutes a substantial step toward the commission of that offense. (See: *People v. Woods, 24 Ill.2d 154, 158; People v. Paluch, 78 Ill.App.2d 358.)* The acts of the

defendants in selling and delivering the stereo to neighbors prior to the fire and listing it as destroyed by the fire, indicated an intent on their part to commit a theft by deception.

Submitting to the insurance company an itemized list of damaged and destroyed property which included the stereo, an item of substantial value not damaged in the fire, was further evidence of such intent, as well as an act on their part which constituted a substantial step toward the commission of the offense of an attempt to commit theft by deception. Ill.Rev.Stat. 1967, ch. 38, par. 8—4(a).

If the ultimate value of the defendants' property had in fact been $7,000 or less, or within the policy limits, it would have been possible for the company to have been defrauded in an amount equal to the value of the stereo. while impossibility of accomplishment may be a defense (see annotation, 37 A.L.R.3d 375, *et seq.*), no such impossibility appears from the proof introduced in the defendants' trial. The defendants' argument, that the false claim was meaningless because the insurance company would not have paid the full loss, is without merit. It assumes a conclusion not established by the evidence—that the defendants' total loss was in excess of $7,000. Although they claimed that their loss was in the sum of $11,236, no proof establishing such fact was introduced at the trial.

The jury heard the evidence and found the defendants guilty of the offense charged. While the evidence was conflicting in certain areas, the credibility of the witnesses and the weight to be given to their testimony was a question for the determination of the jury, and we will not substitute our judgment for that of the jury. *People v. Malmenato, 14 Ill.2d 52, 61.*

For these reasons, we affirm the judgments of the Appellate Court.

*Judgments affirmed.*