2 Ill. App.3d 811 (1972)
277 N.E.2d 745
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
ALBERT M. DAY, Defendant-Appellant.
No. 71-25.
Illinois Appellate Court  Second District.
January 10, 1972.
*812 Morton Zwick, Director of Defender Project, of Chicago, (Ralph Reubner and Kenneth L. Gillis, of Defender Project, of counsel,) for appellant.
Jack Hoogasian, State's Attorney, of Waukegan, for the People.
Judgment affirmed.
Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:
The defendant, Albert M. Day, was indicted for attempted murder and aggravated battery. The charges arose from a single incident alleged to have occurred on May 4th, 1969. After a jury trial, defendant was convicted of aggravated battery and sentenced to the penitentiary for 3 to 7 years.
On appeal, defendant urges that the jury was improperly instructed and also that he was not proven guilty beyond a reasonable doubt.
The alleged victim and his brother testified to the knifing in the tavern. A patron corroborated essential details of the attack by defendant but did not see the knife. The bartender also gave corroborative testimony for the State. The testimony of the State's witnesses clearly established that defendant was the aggressor, that defendant had the knife and that his victim had nothing in his hands at the time of the stabbing.
 1-3 The defendant's argument that he was not proven guilty beyond a reasonable doubt since the only evidence directly contradicting his assertion of self-defense was the testimony of the complaining witness and his brother, is not persuasive. The argument is not supported by the evidence because there were other State's witnesses whose testimony corroborated the testimony of the complaining witness and his brother and who also said that defendant was the aggressor. Moreover, the testimony of even one witness, including the complaining witness, can be sufficient to convict. (See The People v. Gipson (1963), 29 Ill.2d 336, *813 341.) The case turns upon the credibility of witnesses. We do not find that the evidence justifies entertaining a reasonable doubt of defendant's guilt and we cannot substitute our judgment as to the weight of the evidence or the credibility of the witnesses for the judgment of the jury. The People v. Novotny (1968), 41 Ill.2d 401, 411, 412; People v. Sevastos (1969), 117 Ill. App.2d 104, 108, 109.
 4 Defendant has complained of People's Instruction No. 16 (I.P.I. Criminal 24.09) claiming that the introductory language
"A person who initially provokes the use of force against himself is justified in the use of force only if * * *,"
erroneously assumed as a fact that defendant had initially provoked the encounter although there was conflicting evidence. The instruction was properly given. There was conflicting evidence whether defendant struck the first blow or whether the victim initially went for his knife, or appeared to do so. The instruction, together with People's Instruction No. 15 (I.P.I. Criminal 24.06) which also states the circumstances under which a person is justified in the use of force to defend himself gave the applicable law to the jury to resolve the issues on either hypothesis. (See The People v. Jordan (1960), 18 Ill.2d 489, 495; People v. McBride (1970), Ill. App.2d; 264 N.E.2d 446, 451. The People v. Morris (1956), 9 Ill.2d 359), cited by defendant is not applicable here. In Morris, an instruction directly invited the jury to consider the weight to be given to an oral confession although there was a conflict whether the confession had been made. Here, the instruction is properly framed in hypothetical terms.
 5 The contention of defendant that the trial court erred by not giving  on its own motion and without any request by defendant  an instruction that the jury could find the defendant guilty of the lesser included offense of simple battery, also does not offer a basis for reversal. There is no evidence bearing on the lesser included offense here. Unquestionably the bodily harm inflicted was great. There would have been no cause for the court to instruct on the elements of simple battery on its own motion (The People v. Caldwell (1968), 39 Ill.2d 346, 355; The People v. Taylor (1967), 36 Ill.2d 483, 489), or even on request.
 6 The defendant also argues that although he tendered Defendant's Instruction No. 3 defining the elements required to be proved to sustain the charge of aggravated battery, the court still erred in giving the instruction substantially in the form tendered. Defendant urges that he was prejudiced because the instruction did not include the element of defendant's reasonable belief that the force used was necessary in his self-defense. This element was included in the People's Instruction No. 15 *814 (I.P.I. Criminal 24.06) which was given. Defendant's Instruction No. 3 (I.P.I. Criminal 25.05 combined with I.P.I. Criminal 11.08) included the requirement that the State must prove,
"That the defendant was not justified in using the force which he used * * *."
The jury, therefore, was adequately instructed on the issue of defendant's use of force in support of his claim of self-defense. Additionally, the defendant did not submit the particular instruction which he now claims should have been given; and the court was not required to instruct the jury in the particular form now urged by the defendant on its own motion. The People v. Caldwell, 39 Ill.2d 346, supra; The People v. Taylor, 36 Ill.2d 483, supra.
 7 The evidence is sufficient to sustain the jury's verdict in a trial free from substantial error.
The conviction of the defendant is affirmed.
Judgment affirmed.
ABRAHAMSON and MORAN, JJ., concur.