The People of the State of Illinois, Plaintiff-Appellee, *v.* Winfred McIntosh, Defendant-Appellant.

(No. 57953; )

First District (3rd Division)—April 18, 1974.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Albert R. Rosendahl, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant was indicted on two counts of murder. After a jury trial he was found guilty and sentenced to a term of 14 to 30 years. Defendant appeals. His sole contention on review is that the evidence did not establish his guilt beyond a reasonable doubt.

Willie Jones, brother of the deceased, testified that on the evening of March 3, 1970, he went to a poolroom at 5738 South Prairie Avenue, Chicago. Later in the evening he and the defendant became engaged in a fist fight while shooting dice. The deceased separated the two combatants and told his brother to go home. Defendant ran across the street, and the deceased went into the poolroom. About 10 minutes later defendant entered the poolroom and saw the deceased sitting on a bench with his head bent forward in his hands. The defendant picked up a cue stick and hit the deceased on the head seven or eight times. The stick broke and the defendant ran out of the poolroom. The witness further testified that at no time did he see anything in the deceased's

hand, nor did the deceased hit the defendant. He testified that while striking the deceased the defendant said, "I promised you that I was going to get you."

Defendant, testifying in his own behalf, stated that at the time he was kicking the deceased's brother during their fight, the deceased kicked him in the back. When the fighters separated, the defendant went into the poolroom a few minutes after the deceased had entered. He testified that when he went into the poolroom he walked behind the deceased who had his hands between his legs and his head down; he asked the deceased why he kicked him; the deceased muttered some profanities and put his hand in his pocket; the defendant grabbed a pool cue and hit the deceased two or three times before the stick broke. Defendant further testified that he saw a bulge in the deceased's pocket but did not know what it was. He stated that he had seen the deceased with a gun twice before.

No weapon was found on the deceased or in the poolroom. The coroner's pathologist testified that death was the result of cerebral laceration and resulting skull fracture.

In a written statement which was admitted and read into evidence the defendant stated that in the poolroom he asked the deceased why he kicked him; that the deceased mumbled some profanity and put his hand in his pocket; that by the time the deceased mumbled the profanity, the defendant hit him with the big end of the cue stick; that he never saw any weapon in the deceased's hand; and that the deceased remained seated during the blows.

■■ Defendant maintains that although an instruction on manslaughter was submitted to the jury, the evidence did not warrant a murder conviction, but did warrant a manslaughter conviction. We do not agree.

■■ Contradictory evidence creates an issue of the credibility of the witnesses. (*People v. McVet*, 7 Ill.App.3d 381, 287 N.E.2d 479; *People v. Jordan*, 5 Ill.App.3d 7, 282 N.E.2d 530.) The credibility of the witness and the weight to be given his testimony were questions for the jury. (*People v. Elmore* (1971), 50 Ill.2d 10, 276 N.E.2d 325; *People v. Day*, 2 Ill.App.3d 811, 277 N.E.2d 745.) Upon examination of the evidence we cannot find that the verdict of the jury is so unreasonable, improbable or unsatisfactory as to justify entertaining any reasonable doubt as to defendant's guilt of the crime of murder. See *People v. Price*, 7 Ill.App. 3d 110, 286 N.E.2d 530.

The judgment of the trial court is therefore affirmed.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.