THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL FALGARES, Defendant-Appellant.

(No. 60268;

First District (4th Division)—April 23, 1975.

James J. Doherty, Public Defender, of Chicago (John X. Breslin and Thomas F. Finegan, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Sol Frydman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Michael Falgares, defendant, was charged with attempted theft. After a bench trial, he was found guilty and sentenced to the Cook County jail for 6 months. In this appeal the sole issue presented for review is whether the defendant's actions constituted a substantial step toward the commission of theft.

On December 3, 1973, the defendant was shopping in the men's department on the first floor of Carson, Pirie, Scott and Company (herein-

after Carsons). Thomas Traficanta, a store detective employed by Carsons, was stationed in the men's shop, department 17, at 12:45 P.M., when he observed the defendant. Traficanta testified that he saw the defendant pick up a man's shirt and place it in a brown bag. Then the defendant proceeded to another section of department 17 where he selected a package of underwear that was placed in the same bag. The defendant passed a checkout counter without paying for the merchandise and walked to the next department, a distance of approximately 60 feet. At this point, the store detective stopped Falgares, identified himself, and examined the defendant's bag. The search revealed a package of underwear and a man's shirt, but no receipt for the merchandise. Consequently, the defendant was asked to accompany the detective to the security office.

While waiting for the police, the detective testified, the defendant said he didn't mean to do it and would like to pay for the merchandise. The defendant testified that he was in Carsons while intoxicated; that he picked up a shirt and placed it in his bag; and, finally, he offered to pay for the items.

■■ The defendant contends that his acts do not constitute a substantial step toward the commission of theft. We disagree with defendant's contention. The Criminal Code defines an attempt in section 8—4(a) (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a)), as follows:

> "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

The Illinois Supreme Court in *People v. Elmore* (1971). 50 Ill.2d 10, 276 N.E.2d 325, in construing section 8—4(a) set forth the following guidelines at page 12:

> "The mere preparation to do something, absent an act constituting a substantial step toward the commission of a specific offense, does not establish the perpetration of the offense. In order to establish the offense of attempt under section 8—4(a) of the Criminal Code, there must be an intent to commit a specific offense and an act which constitutes a substantial step toward the commission of that offense. See *People v. Woods,* 24 Ill.2d 154, 158, 180 N.E.2d 475."

In the instant case the defendant's acts of placing the shirt and the package of underwear in his bag is circumstantial evidence of his intent to commit a theft. The substantial step was taken when the defendant placed the merchandise in his bag, and passed a checkout counter into another department. Although these acts may not have been the final

acts required to complete the substantive offense of theft, they constitute more than mere preparation and reach far enough toward the accomplishment of the desired result.

The rules of law applicable to an assessment of the sufficiency of the evidence by a reviewing court are well settled. When a case is heard by the trial court without a jury, the determination of the credibility of the witnesses and the weight to be accorded their testimony are for the judge to decide and, unless the evidence is clearly insufficient, a reviewing court will not substitute its judgment for that of the trier of fact. (*People v. Smith* (1963), 27 Ill.2d 344, 349, 189 N.E.2d 257.) After reviewing the record and finding the evidence sufficient, we have decided to affirm the decision of the trial court.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.