(No. 36679.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT WOODS, Plaintiff in Error.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

EUCLID L. TAYLOR, and ROBERT W. HEINZE, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, JAMES R. THOMPSON, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant was tried in the criminal court of Cook County on an indictment charging him with attempted abortion. From the judgment of conviction entered on the jury's verdict of guilty, defendant brings this writ of error.

Defendant first contends that the indictment was fatally defective. It alleged in part, that defendant "on the twenty seventh day of September [1960] * * * unlawfully, feloniously and wilfully, in some way and manner which is to said Grand Jurors unknown used and employed some means and devices a further and more particular description of which is to said Grand Jurors unknown, upon one Eileen Witsman * * * with the intent * * * then and there to produce the abortion and miscarriage of said Eileen Witsman; and that by the use and employment of said means and devices * * * in said way and manner * * * upon said Eileen Witsman then and there unlawfully, feloniously, wilfully and knowingly attempted to procure

the abortion and miscarriage of said Eileen Witsman; * * *." The statute under which this indictment was drawn makes it a crime "by means of any instrument, medicine drug or other means whatever, * * * [to attempt] to procure or produce an abortion or miscarriage, * * *." Ill. Rev. Stat. 1959, chap. 38, par. 3. .

Defendant argues that this indictment is insufficient to inform him of the nature of the crime charged because it fails to allege the manner in which an instrument was used in an attempt to procure an abortion. The purpose of an indictment is to furnish the accused a description of the charge against him to enable him to prepare his defense and to prevent a subsequent prosecution for the same offense. This indictment apprised defendant of the time, place, victim and nature of the offense. It further alleged, although without specificity, that some means and devices were employed in some way and manner in an attempt to procure an abortion. We fail to see, as defendant contends, that his preparation of a defense could depend on the indictment containing an exact description of the instrument and of its manner of use. We conclude that adequate information was provided for the preparation of defendant's defense and that the indictment was sufficient, anything in *Cochran* v. *People,* 175 Ill. 28, notwithstanding. This view is in accord with decisions in other jurisdictions. *Thomas* v. *State,* 156 Ala. 166, 47 So. 257; *People* v. *T. Wah Hing,* 15 Cal. App. 195, 114 Pac. 416; *Wasy* v. *State,* 234 Ind. 52, 123 N.E.2d 462; *State* v. *Hanson,* 53 S.D. 205, 220 N.W. 518; *State* v. *Gaul,* 88 Wash. 295, 152 Pac. 1029.

Defendant also contends that the evidence was insufficient to establish an attempt to produce an abortion. Eileen Witsman and policewoman Catherine Casey, pursuant to an agreement made with defendant several days earlier, went to his apartment. Defendant showed them the kitchen where he was going to perform the operation. They saw a table with a sheet and cover; a large folding screen be-

tween the table and the living room door; a chair at one end of the table; a stove with a covered pan on the burner which was later found to contain instruments commonly used in performing an abortion; an open suitcase with various medicines and instruments in it; and a small table with medical instruments and books on it. After seeing this equipment, they returned to the living room and defendant gave Eileen two sedative pills. She pretended to swallow them as defendant counted the $250 fee which had previously been agreed upon. Defendant told policewoman Casey to remain in the living room. He then took Eileen to the kitchen, sat her down on the chair beside the table, and told her he would have to examine her. Since she appeared nervous, he explained the operation to her. Policewoman Casey entered the room and asked if he had started. Defendant said that he was calming Eileen because she was nervous and asked the policewoman to return to the living room. Eileen had removed her shoes and suit jacket and had unbuttoned two of the buttons on her blouse. Defendant then asked her if she was ready for the operation and she said yes. As she was about to finish unfastening the buttons of her blouse, policewoman Casey again entered the kitchen and asked defendant if he was ready to proceed. He said "Yes," and indicated that she must leave the room. Apparently fearing that the operation was about to be consummated, she arrested him.

There are no cases in Illinois which consider this precise point and very few in other jurisdictions. In *People* v. *Gallardo,* 257 P.2d 29 (Cal. 1953), a conviction for attempted abortion was reversed where the woman was merely in the defendant's waiting room and defendant had done no more than accept the fee. The court said at page 35: 'In order to establish an attempt, it must appear that the defendant had a specific intent to commit a crime and did a direct, unequivocal act toward that end; preparation alone is not enough, and some appreciable fragment must have been

accomplished. * * * There is no evidence that [defendant] started to provide, supply or administer any medicine or to use or employ any instrument or other means to procure the miscarriage * * *." However, where the woman was on the operating table and the defendant had an instrument in his hand, the proof of attempt was deemed sufficient, i.e., defendant had started to employ means to procure a miscarriage. (*People* v. *Reed,* 275 P.2d 633 (Cal. App. 1954).) In another case, an attempt at abortion was proved where the woman was in an upstairs room to undress and the defendant was waiting below with the operating paraphernalia ready and the instruments in a pan on the stove. (*People* v. *Berger,* 280 P.2d 136 (Cal. App. 1955).) The court held that the boiling of the instruments was a sufficient "first step" towards commission of the intended crime where the intent with which the act was done was clearly established.

Here, an attempt to perform an illegal operation is the charge against defendant. The evidence shows that defendant received and counted the $250 fee for which he had bargained. The kitchen which was to serve as an operating room was ready. The instruments necessary to the performance of the operation were in a pan on the stove. A sedative had been given to the woman although, unknown to the defendant, she had not taken it. The nature of the operation was explained to allay her fears. The policewoman had been told to stay in the living room so the operation could be performed in private. The woman said she was ready and had begun to remove her clothing. Defendant was prevented from further pursuing his illegal endeavor by his arrest.

Mere preparation to commit a crime, of course, does not constitute an attempt to commit it. We feel however that an attempt does exist where a person, with intent to commit a specific offense, performs acts which constitute substantial steps toward the commission of that offense.

We believe that proof of the administering of the sedative, coupled with other substantial steps toward consummation, which was prevented only by the policewoman's intervention, is sufficient to sustain the conviction of attempted abortion. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*