The People of the State of Illinois, Plaintiff-Appellee, v.
Michael Paluch, Defendant-Appellant.

Gen. No. 66–60M.

Second District.

December 27, 1966.

Anna R. Lavin and John J. Cogan, both of Chicago, for appellant.

William V. Hopf, State's Attorney of DuPage County, and Kevin P. Connelly, Assistant State's Attorney, both of Wheaton, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The defendant, Michael Paluch, was charged, in the Circuit Court of the 18th Judicial Circuit, DuPage County, with attempting to practice barbering without a certificate of registration as a barber in violation of Ill Rev Stats 1965, ch 16¾, par 14.92(b)(1). The case was tried before the court without a jury and the defendant was found guilty as charged and a fine in the sum of $25 was imposed. The defendant contends that the evidence was not sufficient to sustain the judgment.

On November 5, 1965, Ernie Pinkston, an agent of the barber's union, went to a barber shop located in Glen Ellyn. It was 9:00 a. m. and the shop was not yet open. He then saw the defendant unlock the rear door and enter the shop. Shortly thereafter, he went to the front door and asked the defendant if the shop was open. The defendant unlocked the door, admitted Pinkston, walked over to the barber chair, put on his smock and offered the chair to Pinkston. The defendant had his own barber tools—clipping shears, razors and combs.

Pinkston then showed the defendant his business card and asked to see his license. The defendant twice motioned to a particular license which, in fact, was not his. No one else was in the shop at the time. When later asked if he worked at the shop, the defendant answered "yes" and admitted that he had no license.

Both the defendant and the State refer to the Criminal Code of 1961, Ill Rev Stats 1965, ch 38, par 8–4(a) with reference to the elements necessary to establish the offense of an "attempt," which provides:

> "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

Two elements must be present to constitute an attempt: (1) an intent to commit a specific offense, and (2) an act which is a substantial step towards its commission. The defendant contends that all that can be shown by the record in this case is a mere preparation to do something, but that no act constituting a substantial step toward barbering was committed. See: The People v. Woods, 24 Ill2d 154, 158, 180 NE2d 475 (1962).

As pointed out in the Committee. Comments to par 8–4 of the Criminal Code of 1961 (Smith-Hurd Ann St ch 38 sec 8–4, p 357), the determination of when the preparation to commit an offense ceases and the perpetration of the offense begins, is a troublesome problem. The distinction between the preparation and the attempt is largely a matter of degree, and whether certain given conduct constitutes an actual attempt is a question unique to each particular case.

In order to constitute an attempt, it is not requisite that the act of the defendant is necessarily the last deed immediately preceding that which would render the substantive crime complete. People v. Sullivan, 173 NY 122, 65 NE 989, 992 (1903). In Commonwealth v.

Peaslee, 177 Mass 267, 59 NE 55 (1901), Mr. Justice Holmes, as Chief Justice of the Supreme Judicial Court of Massachusetts, discussed the considerations necessary in determining whether there were sufficient acts to constitute an attempt to commit an offense under circumstances where further acts were required to perpetrate the offense. He there noted that the acts may then be nothing more than preparation to commit an offense which is not punishable, but also stated that given preparations may constitute an attempt, the determining factor being a matter of degree. As illustrative of this comment, his opinion at page 56 states:

> "If the preparation comes very near to the accomplishment of the act, the intent to complete it renders the crime so probable that the act will be a misdemeanor, although there is still a locus poenitentiae, in the need of a further exertion of the will to complete the crime. As was observed in a recent case, the degree of proximity held sufficient may vary with circumstances, including, among other things, the apprehension which the particular crime is calculated to excite."

■ The crux of the determination of whether the acts are sufficient to constitute an attempt really is whether, when given the specific intent to commit an offense, the acts taken in furtherance thereof are such that there is a dangerous proximity to success in carrying out the intent. In Hyde v. United States, 225 US 347 (1911), Mr. Justice Holmes, in his dissenting opinion, at pages 387 and 388, adequately delineates the distinction between the mere preparation to commit an offense and an attempt to perpetrate the offense, in these words:

> "But combination, intention and overt act may all be present without amounting to a criminal attempt— as if all that were done should be an agreement to

murder a man fifty miles away and the purchase of a pistol for the purpose. There must be dangerous proximity to success. But when that exists the overt act is the essence of the offence."

The language of par 8–4 of the Criminal Code, stating that there must be a substantial step toward the commission of the offense indicates that it is not necessary for an "attempt" that the last proximate act to the completion of the offense be done. In addition, the Illinois Supreme Court, has likewise considered this problem. In The People v. Woods, supra, at page 158, it stated:

"Mere preparation to commit a crime, of course, does not constitute an attempt to commit it. We feel however that an attempt does exist where a person, with intent to commit a specific offense, performs acts which constitute substantial steps toward the commission of that offense."

■ The defendant, who conceded that he worked at the barbershop, was the only person there. He had a key and unlocked the shop. He had barber tools. He had a fraudulent license which was posted near the barber chair. He admitted Pinkston to the shop, put on his smock—as it was referred to by the witness—and motioned him to the chair. At this point the defendant was precluded from barbering without a certificate of registration, only by the fact that the witness showed the defendant his business card and did not get into the chair. These facts are sufficient to establish the defendant's attempt to violate the statute, as charged.

The defendant argues that barber tools need not be used exclusively for barbering, and that there is nothing to establish that he had a specific intent to practice barbering. In view of the foregoing facts, we find it unbelievable that the defendant had any intent other

than to barber and to use the barbering tools, chair and shop for that purpose.

The acts of the defendant were not of such serious character and consequence that he could be expected to feel genuinely apprehensive about what he was doing. The degree of proximity to the actual commission of a crime necessary for there to be an attempt is, in part, determined by the apprehension which the particular crime is calculated to excite. The greater the apprehension, the greater the likelihood that a would be offender will not follow through with his intended plans. Inasmuch as the offense involved was only a misdemeanor and the penalty inconsequential, there was no cause for serious apprehension on the part of the defendant in connection with the commission of this particular offense, and it was inconceivable that at this late moment he would repent and alter his course of conduct out of fear or concern. He had then taken substantial steps toward the commission of the act of barbering without a certificate of registration. His intention and overt acts resulted in conduct in the very close proximity to the commission of the offense and constituted an attempt.

We believe that the trial court was warranted in finding, on the facts here recited, that the defendant had taken substantial steps to commit the act of barbering. Its findings and conclusions are not against the manifest weight of the evidence,—an opposite conclusion is not clearly evident. Isham v. Cudlip, 33 Ill App2d 254, 272, 179 NE2d 25 (1962); and Rude v. Seibert, 22 Ill App2d 477, 483, 161 NE2d 39 (1959). Under such circumstances, a reviewing court will not disturb a finding of fact made by the trial court. Consequently, the judgment of the lower court is affirmed.

Judgment affirmed.

SEIDENFELD, J., concurs.

MORAN, P. J., dissenting:

I agree with the majority opinion up to the point where it holds that the defendant was guilty of certain acts which constituted a substantial step toward the commission of the offense charged. It is this facet of the case alone with which I disagree.

While it is true that the distinction between the preparation and the substantial step toward the commission of an act, is one of degree, and must be determined by the circumstances of each case, nevertheless, I believe the facts in the case at bar are insufficient to establish the act which constitutes a substantial step toward the commission of the offense.

The majority opinion relies upon, among others, The People v. Woods, 24 Ill2d 154, 158, 180 NE2d 475 (1962); however, in that case the defendant commenced toward performance of the act by giving the complaining witness a sedative, although not taken by her, nevertheless it was directed toward her. There was, in addition, the fact that the defendant had received a fee for services to be rendered; the fact that instruments needed to perform the operation were in a pan on the stove; and the fact that the complaining witness stated she was ready and began to remove her clothing.

In the case at bar, while there is no doubt that the necessary intent was present, still there is no evidence that the defendant took a "first step" toward commission of the intended crime against Pinkston, the complaining witness. Pinkston, the only one present other than the defendant at the time of the alleged "act," testified that the defendant unlocked the barbershop door, walked back to the barber chair and put on his smock. He further testified that he, Pinkston, walked over and set his briefcase down and the defendant "offered me to get into the chair; at that, I handed him my business card." Thereafter, Pinkston looked around to

see where his license was but did not see it. In addition, the defendant had his own barber tools present.

This is the only evidence offered to establish the act which together with the intent is a necessary element to constitute the offense of an "attempt." I would concede that if Pinkston had sat in the barber chair, as offered, and an overgarment placed upon him, then it could be said that a substantial step toward the commission of the offense charged had taken place—even though not one hair was clipped from his head. However, this is not the evidence. The best that can be said of the evidence adduced in this case toward the charge of attempting to practice barbering without a certificate of registration as a barber, is that the defendant started preparing himself but never got to the point of preparing the person against whom the attempt was to have been made. Therefore, I must, and do, dissent from my learned colleagues.