THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD RAY, Defendant-Appellant.

(No. 70-93;

Third District—January 14, 1972.

*Rehearing denied February 22, 1972.*

Bruce Stratton, of Ottawa, for appellant.

Herman Haase, State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Will County.

On July 29, 1969, at approximately 10:15 P.M., the defendant, Harold Ray, was arrested by policemen of the City of Joliet when he was found in an alley located behind a photography studio. The defendant was wearing gloves, carrying a pry bar, and also had a flashlight. Upon inspecting the surrounding premises the policemen found gouge marks on the outside of two windows in a building known as the Rossi Studio. The gouge marks appeared to have been recently made but the windows were nailed shut and no entry into the building had been effected. A

scientific examination of the pry bar, gloves and flashlight was made but it failed to yield any evidence of traces of paint that would tend to prove that the bar had made the gouge marks which appeared upon the windows. At the time of his arrest the defendant stated that he had entered the alley in order to defecate.

The defendant was charged by indictment with the offense of attempt burglary and possession of burglary tools. After trial by jury defendant was found guilty on both counts and was sentenced to the penitentiary for a term of 2 to 5 years for the offense of attempt burglary and to a term of 1 to 2 years for the offense of possession of burglary tools; both sentences to run concurrently.

On appeal defendant raises several issues for review, the first being that the trial court should have granted his motion for directed verdict in that the prosecution failed to produce any evidence to support the convictions for the crime of attempt burglary and unlawful possession of burglary tools.

The crime of burglary in our state is committed when a person without authority knowingly enters or without authority remains within a building, house trailer * * * with intent to commit therein a felony or a theft * * * (Ill. Rev. Stat. ch. 38, par. 19—1).

The crime of possession of burglary tools is committed in our state when anyone possesses any key, tool, instrument, device, or any explosive suitable for use in breaking into a building, house trailer * * * with intent to enter any such place and with intent to commit therein a felony or theft * * * (Ill. Rev. Stat. ch. 38, par. 19—2).

A person commits the crime of attempt in our state when with the intent to commit a specific offense he does any act which constitutes a substantial step towards the commission of that offense (Ill. Rev. Stat. ch. 38, par. 8—4).

■■ Directing our attention first to the conviction for the crime of attempt burglary and examining the provisions of our Criminal Code relating to such offense it was incumbent upon the prosecution to prove the following elements: (1) that the accused intended to knowingly and without authorization to enter the building; (2) while concurrently intending to commit therein either a felony or a theft; and (3) that a substantial step was taken towards making such an entrance. See *People v. Mathews*, 122 Ill.App.2d 262, 258 N.E.2d 378.

Assuming for purposes of arguendo that the defendant possessed the requisite elements of intent necessary to sustain a conviction of burglary, did he further perform any act which constituted a substantial step towards the commission of that offense? We believe not, for when apprehended he was sitting on the stoop of a building. True, he was

520

possessed of a pry bar and gouge marks were found on windows of the building, but there was no testimony to the effect that he was responsible for those marks and a scientific examination thereon failed to produce any evidence that the pry bar, flashlight or gloves were used in an effort to gain entrance into the building.

The defendant calls attention to the case of *People v. Stroud*, 89 Ill. App.2d 377, 232 N.E.2d 464, where this court set aside a conviction for attempt burglary and stated as follows:

"Taken in its aspect most favorable to the prosecution, all that the evidence shows is that defendant broke a window in a gas station and cut his arm. There is no evidence that the defendant made any attempt to enter the building nor any evidence of any intention that he may have had at the time he broke the window * * *.

While the circumstances arouse a suspicion as to defendant's purpose and conduct in the area, it fell short of establishing defendant's guilt beyond a reasonable doubt (Illinois Law and Practice, Criminal Law, § 301). The breaking of the window would not necessarily and indispensibly imply a design to commit burglary. In view of the record, we have no alternative but to reverse this cause and the judgment entered * * *."

The *Stroud* case is primarily concerned with the defendant's intent, however, it calls attention to the fact that there was no evidence that the defendant made any attempt to enter the building. We have a like situation presented in the case before us. The indictment returned against the defendant charged that he committed the crime of attempt in that he with intent to commit "the offense of burglary did an act which constituted a substantial step towards the commission of that offense, to-wit, used a pry bar on a window in an attempt to pry open said window of a building * * *." The defendant questions the sufficiency of the indictment, but again assuming for purposes of arguendo that the indictment is proper the prosecution nevertheless failed to prove that the pry bar was used by the defendant. With this failure of proof the requisite element of the crime of attempt, to-wit, "that an act which constituted a substantial step towards the commission of the offense" is lacking. Therefore the defendant's motion for directed verdict as far as it pertained to the crime of attempt burglary should have been granted.

Directing our attention to whether error was committed by the trial court in refusing to direct a motion for directed verdict as to the charge of possession of burglary tools, we believe that this question is resolved by the case of *People v. Fafinkrantz*, 21 Ill.2d 75, 171 N.E.2d 5. In the *Faginkrantz* case we had a factual situation where the arresting police

officers came upon the defendant at 4:30 A.M. As the police car pulled up, the defendant stepped from behind the rear end of his automobile, which was parked behind a plumbing supply firm, with the motor and lights turned off. The officer testified that because there had been several burglaries and attempted burglaries in the alley, they asked the defendant for identification. He told them that he had no evidence of ownership of the car because he had only recently purchased it. His driver's license showed that he did not live in the vicinity, and he admitted that he had served time in the penitentiary for burglary. He told the officers that he was returning from a tavern in the neighborhood and had stopped in the alley to defecate. The officer then told the defendant that they were going to take him to the police station for investigation. The defendant asserted his innocence and, in response to the officer's request, told them that they could search the car. They did so, and in the trunk they found two air oxygen tanks, an air gauge and an acetylene gauge, a cutting torch, an axe, a hacksaw and a sledge hammer.

■■ Upon prosecution for unlawful possession of burglary tools the defendant claimed that the state failed to prove that he intended to use them for breaking and entering. Our Supreme Court, citing the case of *People v. Taylor*, 410 Ill. 469, 102 N.E.2d 529, held that in the absence of a confession the requisite intent must be ordinarily proved by substantial evidence. The court then decided that viewing the circumstances surrounding the defendant Faginkrantz's arrest there was sufficient evidence upon which to base a finding of criminal intent.

The facts in *Faginkrantz* and the case before us are quite similar. In both cases we have a defendant arrested in a darkened alley and both were possessed of instruments suitable for breaking and entering into a building. Both gave an improbable alibi in their effort to explain their presence in the alley. We find no circumstances in the case before us that would differentiate it from the *Faginkrantz* case and therefore are of the opinion that there was sufficient evidence introduced upon which to base a finding of criminal intent. Therefore we believe that the trial court correctly denied defendant's motion for a directed verdict as to the charge of unlawful possession of burglary tools.

■■ The defendant next urges that error was committed by a certain instruction of the prosecution which defined the crime of unlawful possession of burglary tools. It is the contention of the defendant that possession of burglary tools is a specific intent crime and that the People's instruction permitted a finding of guilty if evidence of a general intent to commit a felony or theft was present. Suffice to say that we do not agree with the defendant's argument that possession of burglary tools is a specific intent crime. Proof of general intent to commit a burglary of

some place or vehicle is sufficient to sustain a conviction. See *People v. Faginkrantz, supra; People v. Matthews, supra.*

Prior to the presentation of the prosecution's case the defendant filed a motion which asked the court to prohibit the prosecutor from attempting to impeach the defendant through the use of a prior conviction. The prior conviction was for armed robbery committed in 1942. The defendant argued that introduction of this evidence of a prior conviction rather than being limited for purposes of impeachment would lead the jury to believe that he was guilty of the offense for which he was being tried. The trial court denied the motion and it is now argued by the defendant that this denial was error in that its effect was to preclude the defendant from taking the stand in his own behalf.

In *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695, our Supreme Court considered the effect of impeachment through evidence of a prior conviction. In examining Chapter 38, Section 155—1, Illinois Revised Statutes, the court noted that it says a conviction "may" as opposed to "shall" be admitted as evidence of impeachment. In the *Montgomery* case the defendant had been convicted for the sale of a narcotic drug. During his trial the defendant testified in his own behalf and the prosecution then read into evidence a certified copy of a prior conviction for robbery which had occurred 21 years previously. On appeal the conviction was reversed and the Supreme Court stated:

"*   *   * Its (evidence of prior conviction) relevance must depend upon the assumption that one who was convicted of robbery more than 20 years before is for that reason more likely than one who was not so convicted to testify falsely today. We are aware of no such factual or psychological support for such an inference."

The Supreme Court further clearly rejected the argument that a limiting instruction would prevent prejudice.

■■ In the instant case the trial judge refused to grant a motion which would prohibit the prosecution from introducing proof of a prior conviction which had occurred 27 years previously. The trial court apparently concluded that the prosecutor had a right to put on the evidence and that the question was not one of judicial discretion. It is true that the *Montgomery* opinion was filed after the trial of the defendant in the case before us and therefore the trial court did not have the benefit of the law as set forth by our Supreme Court in that case. However, the trial court did possess discretionary powers in regard to the defendant's motion and we believe that the motion should have been granted and proof of the 27 year old conviction barred. We are cognizant of the fact that in *Montgomery* our Supreme Court stated that the opinion was to be followed in future cases but we fail to see why the provisions of

the *Montgomery* case should be denied to the defendant in the case before us and especially in view of the fact that he raised the precise issue during the course of his trial and that the issue is one which goes to his ultimate right to a trial which is free from any evidence which would tend to prejudice the minds of a jury.

It is true that the defendant in the case before us did not testify as did the defendant in the *Montgomery* case, but raised the question as to the admissibility of evidence of a 27 year old prior conviction by motion. The prosecution argues that such procedure would result in an unwarranted havoc in the criminal judicial process. Such reasoning is difficult to follow, for such a question may well be disposed of in a more orderly manner prior to the presentation of evidence than during the course of a trial. The trial court in its discretion may desire to grant such a motion, deny the same, or withhold its ruling until further evidence is heard but in the case before us we believe that the motion of the defendant should have been granted.

For the reasons set forth the defendant's conviction for the crime of attempt burglary is reversed and the conviction for unlawful possession of burglary tools is reversed and the cause is remanded for a new trial.

Reversed in part, and reversed and remanded in part.

STOUDER, P. J., and ALLOY, J., concur.