THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY PETERS, Defendant-Appellant.

Second District   No. 76-260

Opinion filed December 16, 1977.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, Larry Peters, was jointly tried and convicted in a jury trial with one Mark Hammond and was sentenced to 2-6 years in the penitentiary for attempted burglary. Peters appeals.

Peters raises two issues in this appeal, the first being whether the prosecution proved him guilty beyond a reasonable doubt. In relation to this issue Peters first argues there was no proof of his intent to make an unauthorized entry into the Ace of Diamonds Tavern for the purpose of committing a felony or theft therein and, secondly, he argues that there was no proof that a substantial step was taken toward effectuating his alleged intent. The second issue presented is whether the prosecutor committed reversible error in commenting upon the failure of the defendant to call three nonalibi witnesses. In view of our decision herein we do not reach the second issue.

About 2:30 a.m. on July 27, 1975, Patrick Reilly, the manager of the Ace of Diamonds Tavern in Rockford, Illinois, was taking an inventory of the tavern with two of his employees. They heard footsteps upon the roof of the premises and immediately called the police. There were two ladders resting against the sides of the building, one leading up onto the roof on the southwest side of the building and the other leading up to the roof on the east side of the building from a fenced-in area in which refuse and bottles were collected. The two police officers who responded to the telephone call arrived upon the scene and one of the officers climbed the ladder from the refuse area to the roof. While this officer was on the roof the other officer discovered the defendants Peters and Hammond crouching behind a garbage container in the fenced-in area and they were placed under arrest. The defendants stated that they were looking for empty bottles to return for the refund and that they had hitchhiked to the area. The automobile of Peters, however, was found the next day parked one-quarter mile east of the tavern. Both defendants testified that they had not gone onto the roof of the building but had entered the refuse area through a gate for the purpose of securing the aforesaid bottles. The manager of the tavern testified that he heard at least two separate sets of footsteps on the roof and had not heard the gate to the refuse area open or close. It is obvious that the jury did not believe the testimony of the defendants.

As defense counsel properly points out, proof of attempted burglary must include the intent to make an unauthorized entry into the building, the intent to commit a felony or theft inside the building and, lastly, a substantial step towards the commission of the burglary. We find that, in the instant case, the State failed to prove a substantial step towards the entry into the building in question and, therefore, reverse.

In support of his contention that the State failed to prove a substantial

step towards the entry into the building in question, defendant has cited *People v. Ray* (1972), 3 Ill. App. 3d 517, 278 N.E.2d 170, *rev'd on other grounds* (1973), 54 Ill. 2d 377, 297 N.E.2d 168. In *People v. Ray* the defendant was apprehended in the alley behind a photography studio in possession of a pry bar and a flashlight at 10:15 p.m. He was wearing gloves. The officers found gouge marks on the outside of two windows into the building but were unable to prove that the bar had made the gouge marks. The appellate court therein reversed the attempted burglary conviction.

We find that *People v. Ray*, insofar as it applied to the substantial step towards the commission of the act of burglary, is applicable to the facts herein. (See also *People v. Toolate* (1976), 45 Ill. App. 3d 567, 359 N.E.2d 1062, in which the court held that the defendant's presence in the area of a building which had apparently been the target of an attempted burglary and the discovery of appropriate burglary tools nearby was insufficient to support a conviction for attempted burglary, even though the circumstances aroused suspicion concerning the defendant's purpose and conduct.) While it is true the jury could have concluded the defendants herein were on the roof of the building in question, there is no evidence whatsoever that they actually made any attempt to enter the building. Under these circumstances we have no alternative but to reverse the finding of the trial court. We therefore reverse.

Reversed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.