THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY BROWN, Defendant-Appellant.

Third District    No. 78-180

Opinion filed August 23, 1979.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick J. Corcoran, State's Attorney, of Carthage (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial in the Circuit Court of Hancock County, defendant was convicted of attempt theft under $150. He was sentenced to a two-year term of probation, with 30 days in jail, and fined $1,000. On appeal, defendant contends his conviction must be reversed because the State failed to prove he did an act constituting a substantial step toward the commission of the theft. We agree and reverse.

Taken in a light most favorable to the State, the evidence indicated that in the late evening hours of July 7, 1977, defendant, Leland Williamson and Randy Gossage left Williamson's home in Augusta and drove to Carthage, where they parked near the town square. During the ride defendant mentioned "finding some pop bottles" and upon their arrival in Carthage, the three men walked through an alley behind a supermarket where there was an enclosure containing such bottles. The topless fiberglass enclosure was eight feet wide, ten feet long and ten feet tall. Defendant jumped onto one side of the enclosure, observed its contents, and told his companions there were a lot of pop bottles inside it. Gossage, at defendant's suggestion, also climbed onto the enclosure and observed its contents.

The men then walked away from the pop bottle enclosure and subsequently met Brad Boyer, a prior acquaintance of defendant. The four men sat on a nearby curb and talked for about a half hour until defendant asked Boyer if he wanted to get the pop bottles. Boyer responded affirmatively and he, defendant, and Gossage returned to the enclosure while Williamson remained sleeping on the curb. While near the enclosure defendant asked Gossage to jump onto it and pass cases of bottles out to him. Gossage refused to do so, telling defendant to "forget it." Defendant made the same request of Williamson when he rejoined the men near the enclosure, but Williamson also declined.

All four men were walking away from the enclosure when they noticed a van pulling into the alley. Williamson continued walking toward defendant's auto, which was parked about a block away, but Gossage and defendant began to run. The van was driven by Deputy City Marshal Ed O'Neil, who pursued the fleeing men. Defendant and Gossage stopped and were arrested after O'Neil yelled "stop or I'll shoot." O'Neil said the men were about 27 feet away from the enclosure when he first observed them.

■■ To convict a defendant of attempt, the State must prove two elements beyond a reasonable doubt: (1) that the defendant intended to commit a specific offense; and (2) that the defendant took a "substantial step" toward committing that offense (Ill. Rev. Stat. 1977, ch. 38, par. 8—4(a); *People v. Burleson* (1977), 50 Ill. App. 3d 629, 365 N.E.2d 1162.) In the instant case defendant concedes there was sufficient evidence to establish his intent to commit the offense of theft, but claims the evidence was insufficient to prove that he took a substantial step toward the commission of that theft.

■■ ■ Determining what constitutes a "substantial step" under our attempt statute has been one of the most troublesome problems of our criminal law. (Ill. Ann. Stat., ch. 38, par. 8—4, Committee Comments (Smith-Hurd 1972).) On the one hand, it is clear that mere preparation to commit a criminal offense does not constitute a "substantial step" for purposes of the attempt statute. (*People v. Woods* (1962), 24 Ill. 2d 154, 180 N.E.2d 475; *Burleson.*) On the other hand, it is equally clear that to constitute an attempt it is not necessary to prove that the defendant performed the last deed immediately preceding that which would render the substantive crime complete. (*People v. Paluch* (1966), 78 Ill. App. 2d 356, 222 N.E.2d 508.) Each attempt case must be decided on its own unique facts, and the essential question which must be answered is whether, given the intent to commit a specific offense, the defendant performed acts bringing him in "dangerous proximity to success in carrying out his intent." *Paluch*, 78 Ill. App. 3d 356, 359.

The facts of the instant case do not indicate that defendant Brown was within "dangerous proximity" of successfully carrying out his intended theft. There is no evidence that defendant actually attempted to remove any of the pop bottles from the enclosure. Defendant did climb on the enclosure and observe its contents and did solicit his friends to aid him in removing the pop bottles therein. But, these acts do not constitute a "substantial step" toward the commission of the theft.

In *People v. Ray* (1972), 3 Ill. App. 3d 517, 278 N.E.2d 170, we considered a case where the defendant was found in an alley behind a photography studio wearing gloves and carrying a pry bar and a flashlight. Gouge marks were found on the windows of the studio, but

scientific evidence failed to establish that the gouge marks were made by defendant's pry bar. We held that these facts were insufficient to prove defendant had attempted to burglarize the studio. Similarly, in *People v. Peters* (1977), 55 Ill. App. 3d 226, 371 N.E.2d 156, the court reversed the defendant's conviction for attempt burglary, despite the fact defendants were apprehended at 2:30 a.m. on the roof of a tavern they apparently intended to burglarize. The court found the evidence insufficient to prove that defendants had taken a "substantial step" toward entry of the tavern.

Based on *Ray* and *Peters*, we do not believe the evidence was sufficient to prove that defendant in this case took the requisite step toward carrying out his intended theft. Defendant Brown was in a suspicious place at a suspicious hour with an improper intent. But mere presence at an inappropriate place is not sufficient to prove an attempt, even if it is established that defendant had a criminal intent at the time. (*Ray; Peters.*) To prove a defendant guilty of attempt, the State must prove that a defendant made a direct movement toward the commission of his intended crime after preparations for the commission of that crime were complete. See Perkins, Criminal Law 557 (2d ed. 1969).

The State relies primarily on *People v. Burleson* (1977), 50 Ill. App. 3d 629, 365 N.E.2d 1162, but that case is distinguishable from the case at bar. In *Burleson*, the defendants had previously "cased" and made a "practice run" of their approach to and escape from the bank they intended to rob. The defendants were arrested and convicted of attempt armed robbery when they approached the bank a second time with the intent to commit the robbery. The appellate court affirmed the defendants' attempt convictions. The State contends the instant case is analogous to *Burleson*, with defendant Brown being guilty of attempt when he returned to the pop bottle enclosure a second time after first observing or "casing" its contents. However, the basis of the court's decision in *Burleson* was not the mere fact that the defendants approached the bank a second time, but rather, the fact the defendants approached the bank *with* nylon disguises on and shotgun and suitcase in hand. The crux of the *Burleson* decision was the fact the defendants were at the site of their intended robbery with the tools necessary to carry out that robbery. The defendants in *Burleson* were dangerously close to carrying out their intended criminal objective.

Defendant in the instant case, on the other hand, although near the site of his intended theft, did not have the tools or assistance necessary to carry out that theft. The enclosure from which defendant intended to take the pop bottles was 10 feet tall. Thus, it would have been impossible for defendant to remove the bottles from the enclosure without help from his companions, which was refused, or without a ladder, which he did not have. Also significant in this regard are the facts that defendant's car was

parked a block away from the enclosure and that defendant and his companions were more than 20 feet away from the enclosure when observed by Officer O'Neil. Defendant was not in "dangerous proximity" of carrying out his intended theft, for he had neither the tools nor the assistance necessary to do so. The evidence was insufficient to justify defendant's attempt conviction.

Defendant makes two other claims of error on appeal, but because we have determined that defendant's conviction must be reversed for insufficient evidence, we need not consider those alleged errors. The judgment of the Circuit Court of Hancock County is reversed.

Reversed.

ALLOY and SCOTT, JJ., concur.