THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL TERRELL, Defendant-Appellant.

Third District   No. 82—75

Opinion filed December 13, 1982.

HEIPLE, J., dissenting.

Robert Agostinelli and Pamela A. Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Defendant was tried in the circuit court of Kankakee County on an indictment charging him with attempt (armed robbery) and unlawful use of weapons. After a bench trial, the court entered a judgment of conviction on the attempt (armed robbery) charge and sentenced the defendant to two years' probation. In this appeal, defendant contends that the State's evidence failed to prove the two essential elements of the offense of which he was convicted—*intent* to commit armed robbery; and an act constituting a *substantial step* toward the commission of armed robbery. (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a).) We affirm.

This case falls squarely within that most troublesome area of criminal law where we are called upon to distinguish between "mere preparation" for the commission of a crime and "attempt." Although much has been written on the subject, nevertheless we are time and again relegated to a case-by-case analysis of the facts and circumstances of record; and our resolution of the instant case presents no exception.

On August 7, 1980, at 6:17 a.m., the Kankakee city police received an anonymous telephone call reporting that two armed men had been seen hiding in the vicinity of an Owens gas station. The message was dispatched and received by Sergeant Richard Whitehead and by Officers Robert Pekin and Walter Rokus. These officers, occupying two marked squad cars, arrived at the scene of the reported suspicious circumstances within two minutes and observed two men about 25 feet from the gas station, one or both of whom leaped out of the weeds and scaled a fence at the rear of the gas station. Within 20 minutes, the police had captured and arrested the defendant and Charles Lott and secured a recently dropped handgun found at the base of the fence. Black ladies' stockings were found in the pants pockets of both men. The officer who had searched the defendant noted that he had no money. The defendant nonetheless explained his presence on the scene by stating that his sister lived in the area and that he was going to the gas station to purchase cigarettes.

On these facts the trial court concluded that sufficient evidence had been introduced by the State to prove beyond a reasonable doubt that the defendant was guilty of having committed attempt (armed

robbery). No conviction was entered on the unlawful use of weapons charge. The defendant contends that the State's evidence is insufficient as a matter of law to sustain the attempt (armed robbery) conviction. We disagree.

■ Attempt is that subtle concept by which society is enabled "to punish malefactors who have unequivocally set out upon a criminal course without requiring law enforcement officers to delay until innocent bystanders are imperiled." (*United States v. Stallworth* (2d Cir. 1976), 543 F.2d 1038.) By statute, a defendant may not be convicted of attempt unless he performs some "act which constitutes a substantial step toward the commission of that offense." (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a).) Our courts have laid down several rules which we will attempt to apply to the facts before us. As indicated earlier, "[m]ere preparation to commit a crime *** does not constitute an attempt to commit it." (*People v. Woods* (1962), 24 Ill. 2d 154, 158, 180 N.E.2d 475, 478, *cert. denied* (1962), 371 U.S. 819, 9 L. Ed. 2d 59, 83 S. Ct. 34.) However, "it is not requisite that the act of the defendant *** necessarily [be] the last deed immediately preceding that which would render the substantive crime complete." *People v. Paluch* (1966), 78 Ill. App. 2d 356, 358, 222 N.E.2d 508, 509.

The American Law Institute's Model Penal Code, under "Conduct Which May Be Held Substantial Step Under Subsection (1)(c)" (defining attempt), lists seven acts which, "if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law." Among those listed are: "(a) lying in wait, searching for or following the contemplated victim of the crime; *** (c) reconnoitering the place contemplated for the commission of the crime; *** (e) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances; [and] (f) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances." Model Penal Code sec. 5.01(2) (Proposed Official Draft 1962).

In the present case, we believe that sufficient evidence has been presented to sustain the trial court's conclusion and that the defendant's conduct amounted to more than mere preparation to commit armed robbery and did in fact constitute a substantial step toward the commission of that offense. The record discloses that the defendant was first observed hiding in the weeds of an empty lot about 25 feet from the Owens station. This evidence supports a finding that the

defendant was either "lying in wait" or "reconnoitering" the Owens station. (Defendant suggests on appeal that he "merely studied the gas station from a distance," or "was merely 'casing' the station in contemplation of some future crime.") The defendant was seen wielding a gun—an object of obvious usefulness in an armed robbery which could serve no lawful purpose under the circumstances. Finally, the defendant was found carrying a black ladies' stocking in his pocket—an article which readily converts into a mask, useful in disguising one's appearance during the commission of an armed robbery but which could serve no lawful purpose under the circumstances.

The defendant urges that the facts of *People v. Peters* (1977), 55 Ill. App. 3d 226, 371 N.E.2d 156, and *People v. Ray* (1972), 3 Ill. App. 3d 517, 278 N.E.2d 170, are analogous to those herein. We disagree. Both of those cases involved attempt (burglary) charges; and, as the State correctly asserts, the proof required in attempt (burglary) would have had to include evidence of a substantial step taken towards entering the buildings. A careful reading of *Peters* and *Ray* discloses that the State's failure in both cases to establish evidence relative to the entry of the buildings was fatal and was, in fact, the basis for reversals in both cases. *People v. Peters* (1977), 55 Ill. App. 3d 226, 228, 371 N.E.2d 156, 157; *People v. Ray* (1972), 3 Ill. App. 3d 517, 519-20, 278 N.E.2d 170, 172-73.

We believe that the facts of the instant case fall somewhere between those in *People v. Brown* (1979), 75 Ill. App. 3d 503, 394 N.E.2d 63, and *People v. Burleson* (1977), 50 Ill. App. 3d 629, 365 N.E.2d 1162. The defendant relies on *Brown*. *Brown* was an attempt (theft) case. The defendant and his companions were arrested as they were walking away from a 10-foot tall enclosure containing pop bottles, which apparently were the object of the intended offense. This court reversed the defendant's conviction of attempt (theft) because the defendant had neither the tools nor the assistance (his companions had declined defendant's invitation to help him get the bottles out of the enclosure) needed to carry out the intended theft. We held that, lacking such evidence, the defendant could not have been "in dangerous proximity" of carrying out the offense. In contrast to *Brown*, the facts of the instant case disclose that the defendant was equipped with all material needed to commit armed robbery; and, with his companion, Charles Lott, he had any assistance he may have required to get the job done.

The State relies upon *People v. Burleson* (1977), 50 Ill. App. 3d 629, 365 N.E.2d 1162. In *Burleson* the defendants cased the bank and made a practice run at it before they finally approached the bank

wearing nylon stocking masks and carrying a suitcase and shotgun with the intent to commit an armed robbery. The court sustained the defendant's conviction of attempted armed robbery primarily on the basis that the defendants were in possession of all materials needed to commit the intended offense when they approached the target of the crime. Under the circumstances, the defendants' conduct constituted a substantial step toward the commission of the intended armed robbery.

In the present case, as aforesaid, the defendant and his companion were not observed physically proceeding in a direction progressively nearer to the gas station. They were, however, armed and in possession of all needed materials and apparently interrupted from committing an armed robbery only by the intervention of the police officers who arrived on the scene within minutes of the reported sighting of the armed men. And, because the offense of attempt may be committed at some point short of the last deed prior to committing the intended offense (*People v. Woods* (1962), 24 Ill. 2d 154, 180 N.E.2d 475), we affirm the trial court's conclusion that a substantial step has been proved.

The defendant next argues that the State's evidence also failed to prove that the defendant had the necessary specific intent to commit armed robbery. The defendant's argument is unconvincing.

It is well-established that a defendant's intent may be inferred from the facts and circumstances surrounding the offense. (67 Am. Jur. 2d *Robbery* sec. 83 (1973).) The question of intent is a factual question which is peculiarly within the province of the trier of fact to determine, and we will not reverse the trial court's finding in this regard unless it is so improbable as to raise a reasonable doubt of the defendant's guilt. *People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649, *cert. denied* (1979), 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 63.

In the present case, we believe that the defendant's flight from the scene upon arrival of the police together with his unbelievable story to explain his whereabouts constitute evidence of the defendant's consciousness of guilt. This factor corroborates the circumstantial evidence of intent to commit armed robbery— that is, unexplained possession of a stocking mask and gun while hiding very near to and behind a recently opened gas station. On these facts, we do not hesitate to affirm the judgment of the trial court finding the defendant guilty of attempt (armed robbery).

Affirmed.

ALLOY, J., concurs.

JUSTICE HEIPLE, dissenting:

The majority opines that this case is troublesome. Indeed it is. Here we are confronted with a defendant who was obviously up to no good. He was seen hiding in the weeds in a vacant lot some 25 feet behind the Owens gas station. He had a gun. He had a black stocking in his pocket. He ran from the police. His name is Michael Terrell.

Under such circumstances, reasonable men might reasonably conclude that Michael Terrell was surely guilty of some offense. The troublesome part of this case is that "being up to no good" is not an offense under the law. The police and prosecutor believed, however, that a person in this situation must be guilty of something. Accordingly, Michael Terrell was charged with attempted armed robbery and unlawful use of weapons. After trial, a judgment of conviction was entered on the attempted armed robbery charge. No judgment of convictions was entered on the charge of unlawful use of weapons. He was sentenced to two years probation. He appeals. The majority would affirm. I dissent.

In order to sustain a conviction for attempted armed robbery, the State must prove beyond a reasonable doubt: (1) that defendant intended to commit the specific offense of armed robbery and (2) that defendant performed an act which constitutes a substantial step toward the commission of that offense. The majority acknowledge that such is the state of the law. They believe that the facts in this case bring the defendant within such law. I do not.

What Michael Terrell did has been cited in support of his conviction. It is not enough. It gives rise to nothing more than mere suspicion or supposition. It does not even come close to approaching the settled certainty that the defendant was guilty of the specific offense of attempted armed robbery beyond a reasonable doubt.

A person cannot, for instance, be held guilty of murder in the abstract. It must be murder in the concrete. That is to say, murder of a specific person. So it is with armed robbery or attempted armed robbery. It cannot be armed robbery in the abstract. It must be armed robbery of a specific person at a specific place at a specific time.

The defendant was convicted here of attempted armed robbery of the Owens gas station. Yet, the question must be asked: what did the defendant do with reference to the Owens gas station or with reference to any person on the premises thereof? The answer is nothing. What the defendant did not do in this case is more instructive than what he did do. He did not approach the Owens gas station. He did

not speak to any person on or about its premises. He did not brandish his weapon. He did not remove the stocking from his pocket and pull it over his face. Although seen hiding in the weeds in an empty lot behind the station, his only observed movement was away from the station. With reference to the gun, he discarded it.

Once again we are confronted with the troublesome aspect of this case. The police, the prosecutor, the trial judge and the majority of this court recognize that the defendant was up to no good. They desire that he should be convicted of something. They have settled on attempted armed robbery. They have done so in the absence of connective and convincing evidence beyond a reasonable doubt.

It is not the defendant's burden to prove that he did not attempt to commit armed robbery of the Owens gas station. He does not have to prove that he was hiding in the weeds hoping to bag a rabbit or a pheasant. He does not have to prove that he was waiting there for a tryst. He does not have to prove that he was intending to rob one of the other businesses in the neighborhood. Indeed, he does not have to prove anything. Is any principle more settled than that in American constitutional law? It is clear, however, that the prosecution had the burden of proving that the defendant was guilty of attempt armed robbery of the Owens gas station beyond a reasonable doubt. They never came close.

Whatever we may think of this defendant, whatever we may surmise as to his improper motivation and intentions, respect for the rule of law demands that this case be reversed. Accordingly, I dissent.