THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LOUIS THOMA, Defendant-Appellee.

Third District   No. 3—87—0793

Opinion filed June 24, 1988.

John A. Barra, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James L. Hafele, of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Louis Thoma, was charged with soliciting for a prostitute (Ill. Rev. Stat. 1985, ch. 38, par. 11—15(a)(1)) and attempted patronizing a prostitute (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 11—18). The trial court granted the defendant's motion to dismiss the solicitation charge. The People appealed the dismissal of the solicitation charge. This court affirmed the trial court's order dismissing the solicitation charge. *People v. Thoma* (1987), 152 Ill. App. 3d 374, 504 N.E.2d 539.

After this court's mandate issued, the trial court redocketed this case and proceeded against the defendant on the charge of attempted patronizing a prostitute. After hearing, the trial court dismissed this charge and this appeal ensued.

The sole issue in this appeal is whether the trial court erred in dismissing count II of the information, which charges the defendant with attempted patronizing a prostitute.

Clearly it is an offense for an individual to patronize a prostitute. (Ill. Rev. Stat. 1985, ch. 38, par. 11—18.) The People do not claim that defendant patronized a prostitute but do argue that he committed the offense of attempted patronization of a prostitute in violation of section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 8—4), which provides:

"Sec. 8—4. Attempt.

(a) Elements of the Offense.

A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

In determining whether the defendant violated the attempt statute it is necessary that a recitation of the pertinent facts be set forth.

The defendant's difficulties began on September 26, 1985, at approximately 1:45 in the afternoon when in the City of Peoria he encountered a female undercover police officer who was posing as a prostitute. The defendant parked his vehicle and at that time the disguised police officer walked to the driver's side of defendant's vehicle. After a brief conversation, the defendant asked, "What do you charge?" The officer responded, "What do you want?" The defendant again asked the officer what she charged. He then asked her, "How much for a blow job?" The officer said, "Well, what is it worth to you?" The defendant replied that he did not know and the officer said, "What do you usually pay for it?" The defendant stated that he had never paid for it before and then said, "How about $20.00?" The officer then stated, "You want a blow job for $20.00?" and defendant

said "Yes." The officer then asked the defendant to show her the money but he did not do so. He did not indicate whether he had the money. The defendant was then arrested by another officer and was told that he was under arrest for attempting to patronize a prostitute.

■ The above-stated facts must be examined in light of the statutory language that an attempt is committed when an individual has intent to commit an offense and *he does any act which constitutes a substantial step toward the commission of the offense.*

It is well established:

"Two elements must be present to constitute an attempt: (1) an intent to commit a specific offense, and (2) an act which is a substantial step towards it commission." *People v. Paluch* (1966), 78 Ill. App. 2d 356, 358, 222 N.E.2d 508, 509.

See also *People v. Brown* (1979), 75 Ill. App. 3d 503, 394 N.E.2d 63.

■ In the instant case there is no factual basis indicating that defendant was within dangerous proximity of successfully performing the act of patronizing a prostitute. The defendant may well have had the intent to perform the act. "Intent" in and of itself, standing alone, does not constitute a crime. The defendant did not tender or display any money. He did not *agree* to pay any money in exchange for sexual favors. He refused to show the police officer his money when she requested to see the same. The defendant did not exit his automobile, nor did the police officer enter it. She was not invited to enter the vehicle.

■ There was no overt act or substantial step made by the defendant toward the commission of the offense of attempted patronization of a prostitute. No criminal act occurred even though the undercover police officer gave the defendant every opportunity to commit such an act. The defendant's conduct was mere speech which did not approach the required specificity of a "substantial step."

For the reasons set forth the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.