THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD HOLSEY, Defendant-Appellant.

(No. 59971; ▮▮▮▮▮▮▮)

First District (3rd Division)—July 3, 1975.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Defendant, Edward Holsey, was charged in an indictment with the commission of the offenses of deviate sexual assault, indecent liberties with a child, and contributing to the sexual delinquency of a child (Ill. Rev. Stat. 1971, ch. 38, pars. 11—3 through 11—5). Following a bench trial, the circuit court of Cook County found defendant guilty of indecent liberties with a child, and not guilty of the two other offenses. Subsequently, defendant was sentenced to the minimum term of 4 years to 4 years and 1 day. On appeal, defendant argues that he was not proven guilty beyond a reasonable doubt and that his cross-examination of the complaining witness was improperly restricted.

We affirm.

The testimony at trial adduced the following pertinent facts. The complaining witness testified that on April 27, 1972, he was 15 years old, 5 feet 7 inches tall, and weighed 125 pounds. On that date, he was in downtown Chicago delivering packages for his father when he was approached by the defendant, who said "he loved me and wanted to be my friend." Defendant grabbed onto the boy's arm and the boy tried to

break away as the two walked for about a block and a half. As the boy reached his destination, he told the defendant to go away. The boy entered the office building and boarded an elevator to go to the 18th floor where he was to deliver a package. Defendant followed him onto the elevator. The boy made his delivery, and as he was walking back to the elevator, defendant pushed him into a washroom. In the washroom, defendant sexually attacked the 15-year-old boy, threatening the use of force. The boy yelled for help, and someone responded to the cries to observe the scene. Defendant was subsequently arrested and taken into custody by the police.

The man who entered the washroom testified that he heard screams for help and then dashed into the washroom to see defendant grabbing and pulling down on the boy's pants.

Defendant testified in his own behalf that the complaining witness made the initial sexual advances, and when the other person entered the washroom, defendant was fending off the youth's attack and the boy began screaming. At the time of the offense, the defendant was 39 years old, 6 feet tall and weighed 215 pounds.

■■ Defendant's initial allegation of error is that he was not proven guilty beyond a reasonable doubt because the boy's testimony was so incredible as to be unworthy of belief. It is well established that the credibility of witnesses is for the trier of facts to determine, and if a case is heard at a bench trial, a reviewing court will not substitute its judgment for that of the trial court unless the trial court's determination is palpably erroneous. The testimony of one witness, if clear and credible, is sufficient to support a conviction. (*People v. Stephenson* (1973) 12 Ill.App.3d 201, 204, 298 N.E.2d 218.) In the instant case, the complainant's testimony is substantially corroborated by the testimony of a completely disinterested party who happened upon the scene to rescue the child from the defendant's grasp. We do not feel the evidence is incredible or creates a reasonable doubt of defendant's guilt.

■■ Defendant further argues that there was a reasonable doubt of his guilt because he raised an affirmative defense to the offense but that the State failed to present any evidence on the point so as to prove guilt beyond a reasonable doubt. At trial defendant testified that he thought the boy was about 17 or 18 years old. It is an affirmative defense to the offense of indecent liberties with a child that "the accused reasonably believed the child was of the age of 16 or upwards at the time of the act giving rise to the charge." (Ill. Rev. Stat. 1971, ch. 38, par. 11—4(b)(1).) An affirmative defense is raised by a defendant by presenting "some evidence thereon." (Ill. Rev. Stat. 1971, ch. 38, par. 3—2(a).) Evidence sufficient to raise a "reasonable possibility" that a defendant

comes within an exception to the offense of indecent liberties with a child is sufficient to raise the issue. (*People v. Brown* (1971) 132 Ill.App. 2d 875, 271 N.E.2d 395.) If the issue is raised, "the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense." (Ill. Rev. Stat. 1971, ch. 38, par. 3—2(b).) By testifying that he thought the complainant was about 17 or 18 years old, defendant raised the issue of the affirmative defense. The State had already introduced evidence of the victim's height and weight at the time of the offense, which was relevant to the issue of whether the defendant's belief was reasonable. The matter then went to the trier of fact, who expressly stated that he disbelieved defendant's testimony in this respect. Based upon the evidence, we feel that defendant was proven guilty beyond a reasonable doubt.

Defendant's final allegation on appeal is that the trial court erred by improperly restricting his cross-examination of the complaining witness. During cross-examination, the complaining witness, a minor, admitted that he was currently a resident of the Valley View Boy's School, a facility of the Illinois Youth Commission. The following exchange then occurred:

> "DEFENSE COUNSEL: Are you there based on two findings on delinquency for robbery?
> STATE'S ATTORNEY: Objection.
> THE COURT: The basis.
> STATE'S ATTORNEY: The basis is only adult convictions, if they are felonies, can be used in regards to a witness.
> THE COURT: Sustain the objection."

Certified copies of the complaining witness' adjudication of delinquency were offered into evidence but refused by the trial court. Defendant contends that the trial court erred in both rulings. In support of the trial court rulings, the State argues that the Juvenile Court Act bars the use of the complaining witness' juvenile record.

Section 2—9(1) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—9(1)) states:

> "No adjudication, disposition or evidence given in proceedings under this Act is admissible as evidence against the minor for any purpose whatever in any civil, criminal or other cause or proceeding except in subsequent proceedings under this Act concerning the same minor."

Our initial consideration is whether this statute prohibits the use of a minor's adjudication of delinquency to impeach the minor's testimony as a witness at another proceeding. It was determined in *People v. Nor-*

*wood* (1973) 54 Ill.2d 253, 296 N.E.2d 852, that the provision in the Act which protects a minor's police record from publication (Ill. Rev. Stat. 1969, ch. 37, par. 702—8)

> "\* \* \* is not to be construed as prohibiting access to the records of juvenile delinquents when those records are sought in order to impeach the credibility of the juvenile as a witness by showing a possible motive for testifying falsely. The terms of the statute show that the prohibition against disclosure is not absolute, and as Wigmore has pointed out, 'It would be a blunder of policy to construe these statutes as forbidding the use of such proceedings to affect the credibility of a juvenile when appearing as witness in another court.' 3 Wigmore, Evidence (3d ed. 1940) sec. 980." (54 Ill.2d 253, 257.)

Therein, the trial court heard the case without a jury and the court on appeal held that it was reversible error to restrict such cross-examination of the only witness who implicated the defendant in the offense.

In *Davis v. Alaska* (1974) 415 U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105, the defendant unsuccessfully attempted to impeach and show the bias of a minor witness by demonstrating that the witness was on probation under a juvenile court adjudication. The United States Supreme Court held that on these facts, defense counsel had the right to disclose the witness' juvenile record to the jury.

■■ It is evidence from *Norwood* and *Davis* that both the Illinois and United States Supreme Courts have been hesitant to remove all restrictions from the use of juvenile records to cross-examine a delinquent minor who appears as a witness for the proscution. Both cases stress the minor's major importance to the State's case. In *Norwood*, the court wrote that the witness' credibility "was critical, for if his testimony was not believed the defendant could not have been convicted." (54 Ill.2d 253, 255.) In *Davis*, the minor was "a crucial identification witness." (415 U.S. 308, 319, 39 L.Ed.2d 347, 355.) We feel that the rule to be derived from these cases and the Juvenile Court Act is that the use of juvenile records to impeach a minor witness testifying for the State at the criminal trial of another is neither absolutely forbidden nor absolutely permitted. The scope of cross-examination is within the discretion of the trial court, which should balance the importance of the youthful witness' testimony against the State's policy of preserving the anonymity of a juvenile offender.

■■ In the instant case, the minor was not the only witness to the crime, as was the witness in *Norwood*, nor was he the crucial identification witness so essential to the prosecution in *Davis*. The record indicates that the rescuer testified that when he was about 15 or 20 feet away

from the washroom, he heard screams for help emanating from the washroom. Dashing into the washroom, he observed defendant "sitting in one of the cubicles, and he had the young boy by the pants and trying to pull him down it appeared to me." The rescuer also testified that the boy's pants were pulled down and the defendant's pants were open at the fly. The strength of the rescuer's testimony greatly diminishes the importance of the minor's testimony. Weighing the importance of the minor's testimony against the State's policy of preserving the anonymity of juvenile offenders, and taking into consideration that the case was heard at a bench trial, we feel that under these facts it cannot be said that the trial court abused its discretion by limiting cross-examination of the minor witness. See also *People v. Montgomery* (1974), 19 Ill.App.3d 206, 311 N.E.2d 361.

For the above mentioned reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.