THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WARREN G. McPHERSON, Defendant-Appellant.

Fourth District   No. 14876

Opinion filed November 9, 1978.

Marvin Gerstein, of Champaign, for appellant.

Hugh Finson, State's Attorney, of Monticello (Robert C. Perry and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Following jury trial, the defendant was found guilty of the offense of failure to keep or produce controlled substance records in violation of section 406(a)(3) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1406(a)(3)). The defendant was subsequently sentenced to 1 year probation and fined $500 and costs.

The relevant portion of the record discloses that Jeffrey Kildow, a special agent with the Drug Enforcement Administration of the United States Department of Justice, and James Burke, an Illinois Bureau of Investigation agent, visited the office-residence of the defendant in Bement, Illinois, on April 14, 1976. The defendant was asked for his Federal order forms for controlled substances which the defendant produced. When asked for his dispensing records, the defendant replied that he was not required to keep dispensing records.

On May 12, 1976, Burke, along with Edward Rodek, another Illinois Bureau of Investigation agent, returned to the defendant's office-residence with an administrative inspection warrant. Burke counted 66 tablets from a bottle labeled "desoxyn." The tablets were not chemically analyzed nor were they confiscated. The defendant was asked for his dispensing records, and he again stated that he was not required to keep such records.

A law student intern employed by the Piatt County State's Attorney during the summer of 1976 met with the defendant at the defendant's office-residence on July 23, 1976. This investigator was permitted to examine the files of 18 of the defendant's patients. He testified that he did not observe any notations regarding the types and quantities of controlled substances dispensed by the defendant to his patients. According to the investigator, the defendant stated that he did not have any records concerning the dispensing of controlled substances, and that he was not

aware that such records were required. The defendant related to the investigator that the substance he dispensed, for the most part, was desoxyn. The defendant further stated that he had dispensed 100 tablets of desoxyn per week for 64 weeks to the patient with file No. 1; 20 tablets of desoxyn per week to patient No. 3 for 30 weeks; 50 tablets of desoxyn per week to patient No. 4 for 64 weeks; and 25 tablets of desoxyn to patient No. 5 for 30 weeks. These substances were dispensed to patients either during or at the end of the treatment hour and the patients were not separately charged for the substance. The defendant also told the investigator that he had given a substance called seconal to a relative on one occasion.

The defendant presented no evidence at trial.

Although defendant has raised several issues on appeal, we reach only one because we believe it to be dispositive: Whether the recordkeeping requirement of section 312(d) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1312(d)) is unconstitutionally vague. Section 312(d) of the Act provides:

> "Every practitioner shall keep a record of controlled substances received by him and a record of all such controlled substances administered, dispensed or professionally used by him otherwise than by prescription. It shall, however, be a sufficient compliance with this paragraph if any such person using *small quantities* of solutions or other preparations of such controlled substances shall keep a record of the quantity, character and potency of such solutions or other preparations purchased or made by him, and of the dates when purchased or made by him, without keeping a record of the amount of such solution or other preparation administered or dispensed to individual patients." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 56½, par. 1312(d).)

Defendant contends that this statutory provision is unconstitutionally vague because the "small quantities" exception is too subjective, uncertain, and standardless. We agree.

■■ Generally, a statute enjoys a presumption of constitutionality. (*People v. Schwartz* (1976), 64 Ill. 2d 275, 281, 356 N.E.2d 8, 10.) All reasonable doubts are to be resolved in favor of upholding the validity of the statute. (*Fitzpatrick v. City of Springfield* (1973), 10 Ill. App. 3d 317, 320, 293 N.E.2d 712.) The primary consideration in construing a statute is to give effect to the intent of the legislature. (*People v. Scott* (1974), 57 Ill. 2d 353, 358, 312 N.E.2d 596.) In determining legislative intent, a court may examine not only the language used, but also the reason for the law and the evil to be remedied, as well as the objects and purposes of the statute. (*People ex rel. Moss v. Pate* (1964), 30 Ill. 2d 271, 273, 195 N.E.2d 641; *People v. Savaiano* (1975), 31 Ill. App. 3d 1049, 1054, 335 N.E.2d 553.)

When the issue of statutory vagueness arises, a court will assume in the absence of contrary legislative intent, that the words contained in the statute have their ordinary and popularly understood meanings. *Farrand Coal Co. v. Halpin* (1957), 10 Ill. 2d 507, 510, 140 N.E.2d 698.

■■■ Nevertheless, it is considered a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 108, 33 L. Ed. 2d 222, 227, 92 S. Ct. 2294.) A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law. (*Connally v. General Construction Co.* (1926), 269 U.S. 385, 391, 70 L. Ed. 322, 328, 46 S. Ct. 126, 127; *People v. Palkes* (1972), 52 Ill. 2d 472, 475, 288 N.E.2d 469.) Moreover, a law fails to meet the requirements of due process if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is or is not prohibited in any given case. *Giaccio v. Pennsylvania* (1966), 382 U.S. 399, 402-03, 15 L. Ed. 2d 447, 450, 86 S. Ct. 518; *People v. Mostert* (1976), 34 Ill. App. 3d 767, 769, 340 N.E.2d 300.

■■ In the instant case, according to section 312(d) of the Act, the defendant would be excused from keeping dispensing records as long as the controlled substances dispensed to individual patients were in "small quantities." No numerical definition of "small quantities" is expressed. It is unclear, for instance, whether "small quantities," as used in the statute, applies to an amount dispensed individually on a single-visit basis, or to an aggregate quantity of a controlled substance dispensed at some other interval. Furthermore, a small quantity may vary from one controlled substance to another, particularly in relation to potency, manufacturer's form, and dosage application. In this respect, a high degree of subjectivity and uncertainty is involved in a practitioner's determination of whether dispensing records are necessary. Ultimately, use of the phrase "small quantities" tends to leave interpretation to the discretion of judges and juries who may agree or disagree with the practitioner's more knowledgeable determination in each instance. Consequently, we conclude that the use of the phrase "small quantities" renders section 312(d) of the Illinois Controlled Substances Act unconstitutionally vague.

For the foregoing reasons, the judgment of the circuit court of Piatt County is reversed.

Reversed.

GREEN, P. J., and MILLS, J., concur.