(No. 53196.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. LYNN MICHAEL PATES, Appellee.

*Opinion filed February 20, 1981.*

SIMON, J., took no part.

William J. Scott, Attorney General, of Springfield, and Carl E. Hawkinson, State's Attorney, of Galesburg (Donald B. Mackay and Melbourne Noel, Assistant Attorneys General, of Chicago, and John X. Breslin and Gerry R.

Arnold, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The defendant, Lynn Michael Pates, after a jury trial, was convicted in the circuit court of Knox County of the possession, with intent to deliver, of more than 500 grams of cannabis in violation of section 5(e) of the Cannabis Control Act (Ill. Rev. Stat. 1979, ch. 56½, par. 705(e)). He was sentenced to serve four years' probation, with 150 days to be served in the county jail, and was also fined $4,000. On appeal the appellate court reversed the judgment of conviction and remanded the cause for a new trial. (80 Ill. App. 3d 1062.) We allowed the State's petition for leave to appeal under Rule 315 (73 Ill. 2d R. 315). The only issues before us are whether the jury was properly instructed on a defense of entrapment, and whether marijuana found in the defendant's car following his arrest should have been admitted into evidence.

The circumstances leading to the defendant's arrest are set forth in the opinion of the appellate court. Since no claim is made here that the evidence failed to prove beyond a reasonable doubt that the defendant was guilty, no more than a summary of it is required. On May 22, 1978, Craig Bultemeir was arrested by officers of the Knox County sheriff's department for the unlawful delivery of cocaine. While in the custody of the arresting officers Bultemeir was told by Deputy Sheriff William Muir that his cooperation with the police in making additional arrests for narcotic violations would be considered in connection with the charge pending against him.

The testimony was in conflict as to whether the name

of the defendant, whom Bultemeir knew, was volunteered by Bultemeir or was suggested by Officer Muir. In any event, Bultemeir telephoned the defendant at Muir's direction and relayed a fictitious story supplied by Muir to the effect that Bultemeir had with him two friends from Rockford who wished to buy 10 pounds of marijuana. The defendant, who had no record of prior arrests, stated initially that he had no marijuana in his possession, but after several additional phone calls made by Bultemeir at Muir's direction, the defendant said that he knew someone who did have some marijuana for sale, and a meeting was set up for the following day at which the marijuana would be delivered.

The defendant appeared at the rendezvous in his car, followed by a pickup truck occupied by two other persons, Stephen Hall and Ronald Boone. Bultemeir arrived in the company of two agents of the Illinois Department of Law Enforcement, dressed in plain clothes, who posed as the friends of Bultemeir that wanted to purchase the marijuana. The officers approached the defendant, who gave them two marijuana cigarettes as samples, and told the officers that the marijuana to be sold was in the back of the pickup truck, where the officers then viewed two five-pound bags. There followed a conversation in which the officers, in answer to their inquiry, were told either by the defendant or by one of his companions that the price was $4,000. All three suspects were then arrested. Hall and Boone were charged with the same offense as the defendant, but were tried separately.

At the trial, the defendant asserted the affirmative defense of entrapment. Both the defendant and the State tendered instructions on entrapment. The defendant's instruction was No. 24.04 of the Illinois Pattern Jury Instructions (IPI), Criminal (1968). It was refused. The State's instruction was a modification of No. 24.04, and it was given to the jury over the objection of the defendant.

For clarity of exposition we set out below section 7—12 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 7—12), which defines entrapment, IPI Criminal No. 24.04, and the State's instruction.

Section 7—12 of the Criminal Code of 1961 provides:

> "A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated." Ill. Rev. Stat. 1979, ch. 38, par. 7—12.

IPI Criminal No. 24.04 (1968) reads:

> "It is a defense to the charge made against the defendant that he was entrapped, that is, that for the purpose of obtaining evidence against the defendant he was incited or induced by a [public (officer) (employee)] [an agent of a public (officer) (employee)] to commit a crime which he otherwise would not have committed.
>
> However, the defendant was not entrapped if a [public (officer) (employee)] [an agent of a public (officer) (employee)] merely afforded to the defendant the opportunity or facility for committing a crime [which he was willing to commit] in furtherance of a criminal purpose which the defendant originated."

People's Instruction No. 16 stated:

> "It is a defense to the charge made against the defendant that he was entrapped, that is, that for the purpose of obtaining evidence against the defendant he was incited or induced by an agent of a public officer to commit a crime which he otherwise would not have committed.
>
> However, the defendant was not entrapped if an agent of a public officer merely afforded to the defendant the opportunity or facility for committing a crime which he was willing to commit."

The clause, "which he was willing to commit," that appears at the close of the second paragraph of the State's

instruction also appears in IPI Criminal No. 24.04, but in brackets. Although the committee's notes to this instruction do not discuss the matter, the pattern instructions, in general, use brackets to designate additional language which may be appropriate for inclusion in some particular cases. The defendant suggests that the use of the clause above would be proper only in cases where it is claimed that the defendant's conduct is rendered noncriminal on some ground other than entrapment, such as duress (see Ill. Rev. Stat. 1979, ch. 38, par. 7—11). No question of that character is involved in the present case.

As the appellate court pointed out (80 Ill. App. 3d 1062, 1066), it is an element of the crime charged that the defendant possessed the marijuana with the intent to sell it. It would therefore be superfluous for an instruction on entrapment to refer to the defendant's having been "willing" to commit the crime, since the requisite intent is established simply by the occurrence of the transfer of the marijuana (*People v. Lewis* (1980), 83 Ill. 2d 296).

By the addition of the "which he was willing to commit" clause and the deletion from the pattern instruction of the phrase "in furtherance of a criminal purpose which the defendant originated" the State's instruction could lead the jury to believe that the State could rebut the claim of entrapment without showing that the defendant had been predisposed to the commission of an offense of this kind. The instruction was thus improper under *People v. Cross* (1979), 77 Ill. 2d 396, 405, and *People v. Tipton* (1980), 78 Ill. 2d 477, 487-88, which held that the presence or absence of a predisposition on the part of the defendant was relevant in determining whether entrapment had been established.

The State contends, on the other hand, that its modification of IPI Criminal No. 24.04 was necessary because the second paragraph of the pattern instruction itself is incorrect and would mislead or confuse the jury. We have

some difficulty in following the State's argument, but the objection to No. 24.04 seems to be that it would lead the jury to believe that entrapment is established, without more, whenever contact with a defendant is initiated by an informer's request that a narcotic be procured. We fail to see how the pattern instruction would convey that meaning. We are also unpersuaded by the State's assertion that the courts have altered their construction of section 7—12 so that instruction No. 24.04, however legitimate it may have been in 1968, has now been rendered obsolete. In any event, the question for decision here is whether the State's instruction was incorrect, and we agree with the appellate court that it was.

After the arrest of the defendant and his companions one of the officers observed a partially burned marijuana cigarette in the ashtray of the defendant's car. The officer then searched the car and discovered additional small quantities of marijuana, which were each admitted into evidence. No question is made as to the validity of the search and seizure, but since the State admitted that these specimens of marijuana were not of the same type as the marijuana carried in the pickup truck which was the subject of the criminal charge, the appellate court held that possession of the specimens was not relevant to the charge, and that their admission was prejudicial to the defendant. The appellate court accordingly directed that on retrial the marijuana found in the car should not be admitted.

We agree with the ruling of the appellate court. The possession of the small amount of marijuana was not probative under the circumstances.

For the reasons given in this opinion the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.