THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PETER CHRISOS, Defendant-Appellant.

First District (1st Division)   No. 85—1920

Opinion filed December 29, 1986.

Sam Adam, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., James E. Fitzgerald, and Michael O'Brien, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

The defendant, Peter Chrisos, and two codefendants were charged in a three-count information filed in the circuit court of Cook County with the following offenses: (1) unlawfully possessing, with intent to deliver, more than 30 grams of a substance containing cocaine in violation of section 401(a) of the Illinois Controlled Substances Act; (2) unlawfully possessing a substance containing diazepam, also known as valium, in violation of section 401(b) of the Illinois Controlled Substances Act; and (3) unlawfully possessing, with intent to deliver, more than 30 grams of a substance containing cannabis in violation of section 5(d) of the Cannabis Control Act (Ill. Rev. Stat. 1983, ch. 56½, pars. 1401(a), 1401(b), 705(d)). Prior to trial, the court accepted the defendant's guilty plea on the cannabis and diazepam charges and deferred sentencing on those counts. The court also granted the State's motion to nol-pros the charges against one codefendant and subsequently directed a finding in favor of the other. Later, a jury found the defendant guilty on the cocaine charge, and the trial court sentenced him to seven years' imprisonment after denying his post-trial motion.

The defendant appeals and asks that this court reverse his conviction and remand the matter for a new trial for the following reasons: (1) the trial court improperly admitted evidence that the defendant possessed diazepam and cannabis in his trial for unlawful possession of cocaine with intent to deliver; (2) the trial court improperly permitted the prosecution to cross-examine the defendant concerning a statement the State claimed he allegedly made while pleading guilty to the cannabis charge; (3) the prosecution improperly argued that the guilty plea on the cannabis charge could be considered as evidence of defendant's intent to deliver cocaine; and (4) the trial court improperly instructed the jury regarding defendant's involvement in other offenses.

We affirm.

The following evidence introduced at trial is relevant to the issues before this court. On March 23, 1983, four Chicago police officers executed a search warrant for a house located at 32 North Fifth Avenue in Des Plaines, which, at that time, was leased to the

defendant and his wife. Present at the time of the raid were the defendant, his wife, their two children, and William Hahn. One of the officers conducting the search, Patrick Darcy, who testified on behalf of the State, stated that he announced his office and his purpose when the defendant opened the door. Despite the defendant's attempt to shut the door, Darcy said he was able to gain entry. Darcy testified that, after entering the house, he saw the defendant run into the bathroom with what looked like a blue and black toolbox and slam the door. Darcy broke down the bathroom door and saw the defendant take a clear plastic bag containing a white powder from the box, throw it into the toilet, and flush the toilet. Darcy was able to retrieve the bag and its contents, which were subsequently introduced into evidence at trial. Darcy then took the defendant to the front of the house and placed the defendant, his wife, and Hahn under arrest.

Darcy's partner, George Graham, also testified for the State and corroborated Darcy's testimony regarding the events leading up to the arrests. Graham testified that he seized the blue and black box in the bathroom, took it to the front of the house, and inspected its contents. Graham said the box contained testing kits, a plastic bag containing nine blue tablets with the name valium marked on the tablets, a plastic bag containing other blue tablets, a powder sifter which could be used to grind cocaine in chunk form, and $4,650 contained in five envelopes. Graham further testified that he recovered two plastic bags containing a crushed plant and a gram scale from a shelf in a bedroom closet. The box, its contents, the bags of crushed plant, and the scale were also introduced into evidence at trial.

The parties stipulated that the State's chemists, if called to testify, would testify that the plastic bag contained 85.7 grams of cocaine, that the 18 paper packets contained 4.5 grams of cocaine, that the crushed green plant was cannabis sativa and weighed 321 grams, that the nine blue tablets marked valium contained diazepam, and that the remaining blue tablets did not contain a controlled substance.

The defendant's mother testified for the defense and stated that both she and the defendant worked in 1977 as sales representatives for a water-softening company. She testified that the blue and black box recovered from the defendant's home appeared to be one of the kits that each received for their water-softening demonstrations. The witness compared that kit with her own and stated that the defendant's kit was missing some of the original contents and contained additional items that she did not recognize. She admitted that the

kits they had been given had not contained cocaine or any other controlled substance.

The defendant testified in his own behalf. The defendant stated that he first began to use drugs in the fall of 1982 when he picked the marijuana seized at his home while on a fishing trip in southern Illinois. He said he would smoke the marijuana once or twice a week and, shortly thereafter, began to use cocaine. The defendant testified that he later began to use cocaine once or twice a week and purchased it from a co-worker in 1/4- or 1/2-gram packets. Despite the fact that the defendant began to use cocaine daily, consuming two or three grams per week, the defendant asserted that he continued to purchase cocaine in 1/4-gram packets. The defendant also testified that he was planning to go to Arkansas for a vacation so, on the day of his arrest, he purchased twenty-four 1/4-gram packets of cocaine for the trip. He further stated that he had used one packet before his arrest.

The defendant said that the only cocaine he possessed at the time of his arrest was contained in the 1/4-gram packets purchased for his trip to Arkansas. He claimed he never saw the large bag of cocaine until Officer Darcy confronted him with it and threatened him with a Class X felony charge unless he implicated William Hahn as his supplier. Furthermore, the defendant denied keeping any drugs or money in his water-softening kit. He stated that the kit was kept under the bathroom sink and that he had not touched it in years. The defendant also testified that the money confiscated during the search was kept in a bedroom dresser, that half of the money belonged to his brother, and that it was to be invested in their uncle's restaurant in Arkansas. Furthermore, the defendant claimed that both the scale and the sifter were stored in the garage and belonged to his stepfather. The defendant asserted that he had never used them for any purpose. Finally, the defendant denied ever selling, transferring, or intending to sell or transfer cocaine to anyone; he contended that he possessed cocaine only for his personal use.

Subsequently, as previously stated, the jury found the defendant guilty, and the trial judge sentenced him to seven years' imprisonment after denying his motion for a new trial.

The defendant initially contends that the trial court improperly admitted evidence that he possessed diazepam and cannabis in his trial for possessing cocaine with intent to deliver. He asserts that, since he pleaded guilty to the charges relating to diazepam and cannabis, the evidence relating to those substances was irrelevant to

the issues before the jury. The defendant contends that possession of diazepam or cannabis is not probative of his intent, if any, to deliver cocaine and cites *People v. Pates* (1981), 84 Ill. 2d 82, 417 N.E.2d 618, as support for his contention. The defendant argues that this evidence of "other crimes" was improper and prejudicial because it only showed his criminal propensity, *i.e.*, it only showed that the defendant had a propensity to illegally possess drugs. The State, on the other hand, argues that the evidence was properly admitted as it was recovered during the same occurrence and, additionally, it showed a common plan. Furthermore, the State asserts that the combination of the substances possessed by the defendant, as well as the quantity, is probative of his intent to distribute cocaine.

■■ ■ With respect to evidence of "other crimes," our supreme court has stated that "evidence of other offenses is admissible if it is relevant for any purpose other than to show the propensity to commit crime." (*People v. McKibbins* (1983), 96 Ill. 2d 176, 182, 449 N.E.2d 821, *cert. denied* (1983), 464 U.S. 844, 78 L. Ed. 2d 136, 104 S. Ct. 145; see *People v. Bartall* (1983), 98 Ill. 2d 294, 309-10, 456 N.E.2d 59.) Whether an individual possesses the intent to deliver a controlled substance is not always subject to direct proof. (*People v. Knight* (1985), 133 Ill. App. 3d 248, 478 N.E.2d 1082.) A reasonable inference of intent, however, is permitted where the amount of controlled substance possessed could not be viewed as designed for personal consumption. (*People v. Schaefer* (1985), 133 Ill. App. 3d 697, 479 N.E.2d 428.) This inference of intent may be enhanced by the combination of drugs and the manner in which they are kept. *People v. Hunter* (1984), 124 Ill. App. 3d 516, 464 N.E.2d 659.

The defendant claims that intent to deliver one controlled substance cannot be proved by a defendant's possession of other controlled substances. However, this court rejected that argument in *People v. Hunter* (1984), 124 Ill. App. 3d 516, 464 N.E.2d 659. The defendant in *Hunter* was arrested and charged with possession of a controlled substance with intent to deliver after the police saw approximately 10 to 14 pink and blue pills in the passenger compartment of the defendant's car. A search of the trunk revealed over 200 pills of commonly abused substances. At his trial, the defendant claimed, like the defendant claims here, that the controlled substances were for his own use. The State was permitted to introduce evidence that the defendant in *Hunter* was violating additional sections of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1100 *et seq.*) at the time of his arrest, *i.e.*, that he

possessed other controlled substances for which he was not charged and that he possessed controlled substances in mislabeled containers. The defendant in *Hunter* argued that possession of a completely different controlled substance could not be used to establish intent to deliver the substance charged. In rejecting the defendant's argument the court said, "Evidence of other drug-related crimes has frequently been held admissible where it tended to establish intent or knowledge with regard to the crime charged [citations], but \*\*\* we do not believe that it is only the possession of the subject matter of the charge which can shed light on a defendant's intentions." 124 Ill. App. 3d 516, 532, 464 N.E.2d 659.

The defendant attempts to avoid the ruling in *Hunter* by relying on *People v. Pates* (1981), 84 Ill. 2d 82, 417 N.E.2d 618. The defendant in *Pates* was charged with possessing more than 500 grams of cannabis with intent to deliver after he attempted to sell 10 pounds of marijuana to undercover agents from the back of a friend's pickup truck. A search of the defendant's automobile revealed half an ounce of a different type of marijuana. Both the appellate and supreme courts agreed that the marijuana found in the defendant's car was improperly admitted into evidence. The appellate court said that the evidence merely tended to prove that either the defendant and/or a passenger possessed or used marijuana and that this bore no relation to the offense charged and was, therefore, improper evidence of other crimes. The supreme court agreed and said that the small amount of marijuana was not probative under the circumstances.

The defendant in the *Hunter* case also tried to rely on *Pates* for his claim that possession of one controlled substance was not probative of intent to deliver another. He argued that the holding in *Pates* was based on the fact that the marijuana discovered in the defendant's automobile there was not the same type of marijuana found in the pickup truck in that case. The court in *Hunter*, however, explained the ruling in *Pates* in terms of the fact that the amount of the other marijuana was small and, thus, was not probative of any issue to be proved in the crime charged. The *Hunter* court found that the evidence of other crimes in *Hunter*, like here, which involved large amounts of other controlled substances, had probative value on the issue of intent. The court then concluded that the larger amount was indicative of the crime of possession with intent to deliver and, therefore, was properly admitted into evidence. We likewise reject the defendant's argument here and find that the evidence of the defendant's simultaneous possession of diazepam and

large quantities of cannabis and cocaine was properly admitted on the issue of defendant's intent to deliver cocaine. This evidence was proper in refuting Chrisos' claim that over 90 grams of cocaine, some of which were packaged in ¼-gram portions, was for his personal consumption. Furthermore, this evidence was properly admitted as part of the same transaction or occurrence involved here. See, *e.g.. People v. Hanson* (1977), 44 Ill. App. 3d 977, 984, 359 N.E.2d 188.

█ The defendant next contends that the trial court improperly permitted the prosecution to cross-examine him regarding statements the State claimed he allegedly made in court when he pleaded guilty to the cannabis charge. On cross-examination, the defendant denied that he possessed the marijuana with the intent to deliver it. When the prosecution directed the defendant's attention to the court proceedings on the previous day when he had pleaded guilty to the diazepam and cannabis charges, defense counsel objected, and the trial court called a side-bar conference. During the side bar, the trial judge stated:

> "Well, for the record, what has happened here is the defendant pled guilty and the court is sure that the question was asked something like this: 'You understand that by pleading guilty, you are admitting to the commission of the crime that you are pleading guilty to?' And the defendant answered yes to that question. And, of course, we can get a transcript."

The judge then ruled that the statement was admissible as a prior inconsistent statement but that the plea itself was not admissible. After the assistant State's Attorney and defense counsel agreed on the procedure to be employed and the questions to be asked, the defendant admitted when asked on cross-examination that he told the judge on the previous day that he possessed the marijuana with intent to deliver. On redirect examination, the defendant said that he pleaded guilty to possessing the marijuana with intent to deliver on the advice of his attorney. He claimed he never had any intent to deliver the marijuana.

The defendant argues that this line of questioning was improper for two reasons. First, he claims that Supreme Court Rule 402(f) (87 Ill. 2d R. 402(f)) prohibits such inquiries, and, second, he argues that the impeachment was improper since the trial judge never asked the defendant if he possessed the marijuana with intent to deliver. The State argues that the plain language of Rule 402(f) renders it inapplicable to the defendant's situation since it only applies to plea negotiations which do not result in a guilty plea or where the plea is

subsequently withdrawn or set aside. Furthermore, the State asserts that the defendant himself testified on direct examination concerning his possession of diazepam and marijuana and cocaine, which he claimed he possessed for his own use. Therefore, the State argues that the line of questioning complained of was a reasonable attempt to explain, qualify, or discredit the defendant's testimony. Also, the State asserts that it was entirely proper to confront the defendant when he denied ever admitting that he possessed the marijuana with intent to deliver and that it did not attempt to introduce his conviction for possession of marijuana with intent to deliver.

Supreme Court Rule 402(f) provides:

> "(f) Plea Discussions, Plea Agreements, Pleas of Guilty Inadmissible Under Certain Circumstances. If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible against the defendant in any criminal proceeding." (87 Ill. 2d R. 402(f).)

The Committee Comments state that Rule 402(f) "adopts the prevailing view that once a guilty plea has been annulled by withdrawal or other means, it should not be subsequently admissible against the defendant in criminal proceedings. [Citation.] It follows that a plea discussion which has not resulted in a still-effective guilty plea should likewise be admissible, for otherwise defendants could engage in plea discussions only at their peril." 87 Ill. 2d R. 402(f), Committee Comments.

We do not find that the defendant's case falls under the purview of Rule 402(f). We believe that the essential element required before statements are protected under Rule 402(f) is that the plea negotiation process must fail, *i.e.*, that no plea of guilty resulted, that a plea of guilty was either withdrawn by the defendant or rejected by the court or that a judgment entered on a plea of guilty was reversed on appeal. Furthermore, unlike the authorities cited by the defendant, the State here did not use any statement made by the defendant in an attempt to reach a plea agreement, but questioned the defendant on a statement that the prosecutor and the court thought that he made while pleading guilty. We find, for both these reasons, that there was no violation of Rule 402(f).

The defendant further argues that even if the statements were made at the time he pleaded guilty and even if they were not prohibited by Rule 402(f), it was, nevertheless, plain error under Su-

preme Court Rule 615(a) (87 Ill. 2d R. 615(a)) for the trial court not to have cautioned the jury at the time of the impeachment and not to have instructed the jury at the end of the trial that the statement could not be given any substantive effect. In support of his contention the defendant cites *People v. Taglia* (1983), 113 Ill. App. 3d 260, 446 N.E.2d 1276. We disagree and find *People v. Taglia* inapposite to the present case.

The facts in *Taglia* are dramatically different to those presented here. In *Taglia*, the State called defendant's sister as a witness and expressed surprise when the witness testified that she was not present when the shooting in that case occurred. The State then was given leave to call her as a hostile witness and on cross-examination, under Supreme Court Rule 238 (87 Ill. 2d R. 238), read a five-page statement to the jury. The assistant State's Attorney, who took the sister's statement, testified and also read the statement to the jury. Further, the statement was introduced into evidence and, at the State's request, was given to the jury for use during deliberations. Furthermore, during closing argument, the prosecutor again referred to the defendant's sister's statement where she had said she was present at the time of the shooting. Finally, when defense counsel objected to the prosecutor's reference to this statement during closing argument, the prosecutor twice explained, in the presence of the jury, that it was proper argument because it referred to her identification of the defendant. Under these circumstances, this court found the omission of a caution and limiting instruction, coupled with the impeachment technique utilized by the State, was so prejudicial that it amounted to plain error. *People v. Taglia* (1983), 113 Ill. App. 3d 260, 264, 446 N.E.2d 1276.

The facts of the present case are substantially different. Here, the impeachment of the defendant was by a single oral statement he had made which was presented to the jury only once at the time of his cross-examination and was not referred to again. Additionally, the jury was given an instruction concerning the effect of such a statement. The instruction provided:

> "The believability of a witness may be challenged by evidence that on some former occasion he made a statement or acted in a manner that was not consistent with his testimony in this case. Evidence of this kind may be considered by you only for the purpose of deciding the weight to be given the testimony you heard from the witness in this courtroom." Illinois Pattern Jury Instruction, Criminal, No. 3.11 (2d ed. 1981).

■ The defendant here does not contend that he offered a jury instruction concerning this issue, nor does the record reflect any such offer. Under such circumstances, a defendant, generally, will be held to have waived any error on appeal resulting from the failure to give an instruction. (*People v. Garza* (1981), 92 Ill. App. 3d 723, 415 N.E.2d 1328; *People v. Riley* (1978), 63 Ill. App. 3d 176, 183, 379 N.E.2d 746.) However, under the facts of our case, we find that the instruction given was sufficient to inform the jury that the impeachment evidence could not be considered substantively.

The defendant also now contends that this cross-examination was an improper attempt to impeach him with a prior conviction. He claims that a criminal defendant can be impeached with a prior conviction only by the introduction of the record of conviction, or an authenticated copy, and only as rebuttal evidence. He asserts that a defendant cannot, under any circumstances, be cross-examined about the prior conviction.

■ We agree that the usual way to introduce a criminal defendant's prior felony conviction to affect his credibility is to offer the record of conviction, or an authenticated copy, during rebuttal. (*People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096.) Normally, to permit the prosecution to force the defendant to initially acknowledge a prior conviction during cross-examination would permit the same impeaching material to be presented against a defendant twice and in two forms, *i.e.*, by cross-examining the defendant and by introducing the record of conviction. (*People v. Madison* (1974), 56 Ill. 2d 476, 309 N.E.2d 11.) An exception to the rule prohibiting cross-examination of a defendant about a prior conviction occurs where the defendant introduces the subject during direct examination. (See *People v. Adams* (1982), 106 Ill. App. 3d 467, 435 N.E.2d 1203; *People v. White* (1980), 84 Ill. App. 3d 1044, 406 N.E.2d 7; *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096.) Additionally, where the prosecution has cross-examined a defendant about a prior conviction improperly, reversal will not be required where the cross-examination did not deprive the defendant of substantial justice or influence the determination of his guilt. *People v. Madison* (1974), 56 Ill. 2d 476, 309 N.E.2d 11; *People v. White* (1980), 84 Ill. App. 3d 1044, 406 N.E.2d 7.

■ In the instant case, the defendant himself testified on direct examination about the marijuana he possessed at the time of his arrest. He said that he picked the marijuana himself while on a fishing trip, he rolled his own cigarettes from it, and he smoked the marijuana because it helped him forget his problems and relax after

work. This testimony was obviously intended to imply that the marijuana was for the defendant's personal use, and, if the large amount of marijuana was for his personal use, the large amount of cocaine must also have been for his personal use. Since the defendant initiated this line of inquiry, he cannot now complain that the State pursued the same line in attempting to dispel the impression created. See *People v. Seider* (1981), 98 Ill. App. 3d 175, 181, 423 N.E.2d 1217.

■ Moreover, since we find that the jury could not have arrived at any other verdict and that the cross-examination did not deprive the defendant of substantial justice or influence the determination of his guilt, we need not consider the defendant's contention that he had not in fact made the statement which was the basis of the cross-examination. Inasmuch as the cross-examination was, at most, harmless error, it is irrelevant whether the trial court was in error concerning whether the statement was made. Furthermore, after reviewing the record, we conclude that based upon the evidence here the jury could not have arrived at any other verdict than it did, and, that the defendant's cross-examination did not deprive the defendant of substantial justice or influence the determination of his guilt. Accordingly, any error which might have occurred during defendant's cross-examination would not be anything other than harmless error under the circumstances. Further, the record does reflect that the trial judge, at the time of the defendant's plea on two of the three counts here, advised him of his rights, the consequences of his plea, the evidence against him, that the evidence of these other crimes would, regardless of the plea, be admitted at his trial on possessing cocaine with intent to deliver; and only after this admonition did the court accept the plea finding that there was a factual basis for the plea on the two counts. We also note that the defendant did not request that the transcript of the plea proceedings be obtained at the time he questioned whether the statement had been made, which, of course, he had a right to do.

■ The defendant next contends that the State's improper remarks during closing argument deprived him of a fair trial. The defendant first asserts that the prosecution improperly argued that "if [the defendant] was guilty of the offense of possession of marijuana with intent to deliver, well he certainly must be guilty of the other offense." However, defense counsel objected to this comment; the trial court sustained defense counsel's objection to the comment and instructed the jury to disregard the comment. While improper comments may not always be remedied by an admonishment, we

find the trial court's admonishment to the jury here concerning this isolated comment was sufficient. See, *e.g.*, *People v. Terry* (1984), 99 Ill. 2d 508, 460 N.E.2d 746.

Additionally, the defendant claims that the prosecution improperly argued during rebuttal that the jury "could consider the fact that [the defendant] had admitted possessing this marijuana, 11.5 ounces, with the intent to deliver, on the issue of whether he intended to deliver the cocaine as well." The State argues that this comment was invited by defense counsel's closing argument. As we said in *People v. Carr* (1986), 149 Ill. App. 3d 918, 931:

> "A defendant cannot complain of remarks made by the State in rebuttal which are invited by defense counsel's statements. [Citation.] Even if comments are in fact improper, they do not constitute reversible error unless they result in substantial prejudice to the defendant or serve no purpose except to inflame the jury [citation], or contribute to his conviction [citation]."

See also *People v. Echols* (1986), 146 Ill. App. 3d 965, 497 N.E.2d 321; *People v. Brown* (1986), 146 Ill. App. 3d 101, 496 N.E.2d 1020.

■ Our examination of the record supports the State's claim that the remark was invited. Furthermore, we note that the evidence introduced at trial adequately supports the inference that the defendant possessed cocaine with the intent to deliver. The defendant here possessed large amounts of cocaine and marijuana, drug paraphernalia, and a large amount of cash. In light of this evidence, we cannot say that a contrary verdict would have resulted had the comment not been made.

■ The defendant's final contention is that the jury was improperly instructed with the following modified version of Illinois Pattern Jury Instruction, Criminal, No. 3.14 (2d ed. 1981) (hereinafter IPI Criminal 2d);

> "Evidence has been received that the defendant has been involved in an offense other than that *which will be submitted to the jury for your deliberation.* This evidence has been received solely on the issue of the defendant's intent. This evidence may be considered by you only for the limited purpose for which it was received." (Emphasis added.)

IPI Criminal No. 3.14 would normally read:

> "Evidence has been received that the defendant has been involved in an offense other than that *charged in the information.* This evidence has been received solely on the issue of defendant's intent. This evidence may be considered by you

only for the limited purpose for which it was received." (Emphasis added.)

The defendant asserts that the instruction given overemphasized the fact that the defendant was involved in another offense which could be considered with respect to his intent for the offense charged. Furthermore, he argues that instructing the jury that the defendant was involved in another offense constitutes reversible error since the instruction was given over his objection (see *People v. Harter* (1972), 4 Ill. App. 3d 772, 282 N.E.2d 10) and because the simultaneous possession of more than one type of controlled substance constitutes a single offense (see *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200).

First, we note that the modified instruction was obviously tailored to cover the fact situation in this case. Second, while the defendant pleaded guilty to the diazepam and marijuana charges thereby removing those charges from the jury's consideration, the court, as indicated previously, nevertheless, properly admitted evidence that the defendant unlawfully possessed diazepam tablets and a large quantity of marijuana on the issue of intent. Accordingly, the modified version of IPI Criminal No. 3.14 merely reflected the fact situation here, *i.e.*, that additional offenses had originally been charged in the information but those offenses would not be submitted to the jury for determination. The instruction was necessary to insure that the jury properly considered this evidence only on the issue of intent and not as evidence of the defendant's criminal propensity. Additionally, we find the defendant's claim that the instruction was improper here, even though it might accurately reflect the law because he objected to it, unpersuasive. The trial court appropriately exercised its supervisory power over the trial and gave the instruction after determining the instruction would best protect the defendant and insure the fairness of the trial. See *People v. Harter* (1972), 4 Ill. App. 3d 772, 777, 282 N.E.2d 10.

Accordingly, for all the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.